(49 App. Div. 133.)

McCREERY v. INGE et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

REAL-ESTATE BROKERS—COMMISSIONS—INTERPLEADER.

There is no such privity between real-estate brokers claiming commissions under independent contracts by reason of the same sale, nor is the principal's personal liability such a distinct fund in his hands as to authorize a bill of interpleader by the principal to determine which broker is entitled to the commission.

Appeal from special term, New York county.

Interpleader by James McCreery against Stark H. Inge and others. From an order continuing a preliminary injunction enjoining further prosecution of an action at law for the commission, defendant Inge appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis Sturcke, for appellant.

James MacG. Smith, for respondent.

RUMSEY, J.  The action is brought for an interpleader, the plaintiff alleging that in the month of November, 1899, he sold certain premises in the city of New York for the sum of $450,000; that each of the defendants claims to be entitled to a commission of 1 per cent. upon said sum for services or brokerage in having effected the sale; and that each has demanded of the plaintiff the payment of the sum of $4,500 for such commission, and has threatened to commence an action against him for the recovery of that sum.  The complaint proceeds to state that the plaintiff is ignorant of the respective rights of the defendants, and is indifferent between them, and has no interest in them or their claims, or in the disposition of the subject of such claims, but admits that the plaintiff is indebted to one of the defendants for the said sum of $4,500, and that he is ready and willing to pay it to the person to whom he owes it, but that he cannot, without hazard to himself, determine which of the defendants is lawfully entitled to it, and offers to pay it into court, to be disposed of as the court may direct, and the plaintiff, therefore, asks that the defendants be restrained from taking any action against him, and that they be compelled to interplead.  It appears that the defendant Inge has brought an action in this court in the county of Kings, claiming that he is entitled to the commission of $4,500 for brokerage upon the sale of this land, and asking to recover that sum.  Upon these papers the plaintiff seeks to secure an injunction restraining the defendant Inge from prosecuting his action, and from the order granting that injunction this appeal is taken.

An action of interpleader can only be maintained when some debt or duty is required from the plaintiff by each of the defendants, and there is a privity between the adverse titles of the defendants for the reason that their titles are derived from a common source, and the plaintiff has no interest in the subject-matter, but has in his hands a sum which belongs to one of the defendants, and the matter to be determined is the title to the particular thing or fund in respect to which the claims are made.  Pom. Eq. Jur. §§ 1323–1325.  None of these elements exists in this case. Each one of the defendants, if he claims a commission, does so because of the contract which he has made with the plaintiff, and for services which he has rendered in regard to the sale of the property.  There is no allegation in the complaint that a single contract was made with all the defendants, by reason of which the plaintiff became entitled to pay to them the whole sum of $4,500, but the allegation is that the defendants "severally" claim to be entitled.  Each claim must stand upon a separate contract, therefore, between the plaintiff and the one who claims it, and each makes a separate claim for $4,500 against the plaintiff, and not against a fund of that amount in the hands of the plaintiff.  That does not afford a proper ground for interpleader, and therefore the order granting the injunction must be reversed, with $10 costs and disbursements, and the injunction vacated, with $10 costs.  All concur.