(35 Misc. Rep. 206.)

## COHEN v. COHEN.

(City Court of New York, General Term.   May, 1901.)

INTERPLEADER—WHEN GRANTED.

    In an action to recover money, defendant is not entitled to an order of interpleader on an allegation that another party claims the same money for services rendered, where there is no allegation in his affidavit of a liability to either party, nor any showing that the claim of the interpleader is based on any right, or that defendant cannot without hazard determine to which of the parties he should pay the fund, and the claimant also alleges that he has commenced an independent action against defendant for services, and denies that he claims the fund which is the cause of action between plaintiff and defendant.

Appeal from special term.

Action by Isaac Cohen against Max Cohen. From an order in favor of defendant, interpleading one Simon Sindeband in place of said defendant, the latter appeals.   Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Joseph Wilkenfeld, for appellant.

Davis & Kaufmann (Edward Kaufmann, of counsel), for respondent.

Hyman Cohen, for plaintiff.

PER CURIAM. The plaintiff seeks to recover in this action the sum of $255 for commissions which he earned on the sale of certain real estate belonging to the defendant. The defendant, before answer was due, moved, on affidavit and notice, that one Simon Sindeband be substituted in his place herein, and that affidavit, as far as material, is as follows:

"That this action is brought to recover the sum of two hundred and fifty-five dollars * * * for alleged services rendered as a real-estate broker on the sale of real estate known as Nos. 240 and 242 Clinton street, in the city of New York. Deponent has received notice from one Simon Sindeband that he claims to be entitled to the commission on the sale of said property for alleged services rendered by him to deponent, who was the owner of said property, and that he claims to be entitled to said sum of money sued for by the plaintiff in this action. Deponent further says that the claims of the plaintiff herein, Isaac Cohen, and of the adverse claimant, Simon Sindeband, have been made without collusion of the defendant with them or either of them, and that deponent, the defendant in the above-entitled action, has no interest in the aforesaid sum claimed by the plaintiff herein, as well as by the adverse claimant, except to deliver the same to the person lawfully entitled thereto, and that deponent cannot safely determine as to which of said claimants the said sum of money should be delivered; that he is ready and willing to deliver the said sum to such person, or deposit the same in such place, as the court may direct."

The appellant, Sindeband, submitted an affidavit in opposition to the motion, setting forth that he does not claim the same fund as alleged in defendant's affidavit, and that prior to the motion he had commenced an action against the defendant herein to recover the amount of his claim, which was also for broker's commissions.

Construing these affidavits in the light of recent decisions, we are unable to see how the order of interpleader can stand. The most that can be claimed to be established is that Sindeband has made a demand for broker's commissions on the sale of the property in question. Whether or not there is any foundation for such a claim the moving papers fail to show. This is fatal, under the authority of Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Roberts v. Vanhorne, 21 App. Div. 369, 47 N. Y. Supp. 448. Furthermore, defendant does not admit a liability to either plaintiff or Sindeband for the commissions in question, and if for no other reason his application should have been denied. Railroad Co. v. Arthur, 90 N. Y. 234. But the papers are faulty in other respects. In Wells v. Bank, 40 App. Div. 498, 501, 58 N. Y. Supp. 125, 127, it was held "that, to authorize an order, it is not sufficient that a claim has been presented against a fund already claimed by another, but that it is necessary for the moving party to prove that the claim has some reasonable foundation, or that the stakeholder cannot, without hazard, determine to which of the claimants he should pay the fund. What is required upon the subject is proof of some kind, and not naked assertions." See, also, Steiner v. Institution, 60 App. Div. 232, 70 N. Y. Supp. 223. No facts are alleged herein which make it appear that it would be hazardous for the defendant to determine to which of the parties he should pay the money in question. For all that appears, the plaintiff and Sindeband may have separate and distinct claims for services rendered.

under contract with defendant, and if such is the case interpleader cannot be granted. McCreery v. Inge, 49 App. Div. 133, 63 N. Y. Supp. 158. For the reasons stated, the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, however, to renew the application on other papers.

Order reversed, with $10 costs, and motion denied, with $10 costs, with leave to renew application on other papers.