### OLSEN v. MORAN.

(Supreme Court, Appellate Term. June 1, 1906.)

INTERPLEADER—WHEN AUTHORIZED.

Defendant, in an action for a broker's commission on a sale of land, is not entitled to an interpleader because another broker claims a commission on the sale; the claims and demands not being the same, but each claim being based on a distinct contract alleged to have been made between claimant and defendant.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interpleader, § 7.]

Appeal from City Court of New York, Special Term.

Action by Axel A. Olsen against Adam Moran. From an order denying a motion for an order of interpleader, under Code Civ. Proc. § 820, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Patrick J. O'Beirne, for appellant.

Harrison B. Weil, for respondent.

Joyce & Drachman, for Harvey P. Miller, third party sought to be interpleaded.

CLINCH, J. The plaintiff seeks to recover on an express employment and on a written agreement to pay. The action was for a broker's commission on a sale of real estate. The defendant states in his moving affidavit that he had employed one Miller to make the sale, and that a demand has been made against him for the sum of $550, and that the claim and demand made by the said Miller "is the same claim and demand made by the plaintiff." In this latter statement he is clearly wrong. Each claim is based upon a distinct contract alleged to have been made between the claimant and the defendant.

This is not a proper case for an interpleader. McCreery v. Inge, 49 App. Div. 133, 63 N. Y. Supp. 158; Cohen v. Cohen, 35 Misc. Rep. 206, 71 N. Y. Supp. 481.

The order should be affirmed, with $10 costs and disbursements. All concur.