HOLGER OLSEN and Another, Respondents, *v.* BANKERS TRUST COMPANY, Appellant.

First Department, May 18, 1923.

Bills and notes — action by maker and payee of certified check to recover amount of check from bank — check was sent to but not received by payee and was paid on forged indorsement — misjoinder of parties — payee and maker cannot be joined as plaintiffs — Civil Practice Act, § 209, construed.

The maker and the payee of a certified check cannot be joined as plaintiffs under section 209 of the Civil Practice Act in an action against the bank on which the check was drawn, to recover the amount of the check which was paid by the bank on a forged indorsement, where it appears that the check was sent to but not received by the payee and that after its payment by the bank on a forged indorsement the canceled voucher was returned to the maker who redelivered the check to the payee who presented it at the bank for payment which was refused, and that thereafter the maker received it back from the payee and presented it to the bank and demanded that the certification thereof be withdrawn and that the funds set apart under the certification be restored to his account, which was also refused.

FINCH and SMITH, JJ., dissent, with opinion.

APPEAL by the defendant, Bankers Trust Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of February, 1923, denying its motion for an order adjudging that there is a misjoinder of parties plaintiff.

*White & Case [David Paine* of counsel], for the appellant.

*Thomas H. Mahony,* for the respondents.

McAVOY, J.:

Defendant moved for an order adjudging that there is a misjoinder of parties plaintiff to this action, because the cause of action set forth in the complaint cannot accrue to both plaintiffs, one the maker and the other the payee of the check in suit, and for a further direction that an amended complaint may be served as required by the decision of the court.

The facts out of which the controversy arose indicate that the plaintiff Olsen, desiring to pay a debt owed to the plaintiff Irwin, procured a check of his on the defendant Bankers Trust Company to be certified by that bank and delivered it to a messenger to be carried to the plaintiff Irwin. The check was never delivered to Irwin, but apparently was forged and the proceeds paid by the Bankers Trust Company to some unauthorized payee. Thereafter on the return of the voucher to Olsen, and his discovery of the forgery, he made a redelivery of the check to Irwin, who

presented it at the bank for payment as the real payee, but his demand thereunder was refused. Thereafter Olsen, the original maker of the check, received it back from Irwin and presented it at the bank and demanded that the certification thereof be withdrawn, and that the funds set apart under the certification be restored to his account. This demand was also refused. Thereupon both parties joined in this action on the same check and allege the facts just outlined.

The authority for the procedure of the plaintiffs is sought to. be found in section 209 of the Civil Practice Act which gives the instances in which persons may be joined in one action as plaintiffs, and provides, in effect, that such persons in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons brought separate actions, any common question of law or fact would arise, may have a joinder of the cause in one complaint. The court, however, is permitted upon the application of any party, where it appears that the joinder may embarrass or delay the trial of the action, to make an order for separate trials, or such other orders as may be expedient. The judgment may be pronounced for one or more of the plaintiffs, as he or they may be found entitled to relief. This enactment does not seem to me to be authority, under the facts of this transaction or series of transactions as they are given in the complaint, to join these parties as plaintiffs. The claims of these plaintiffs are not co-ordinate, alternative or complementary. They are not joint nor several nor common. They are mutually destructive. If one plaintiff proves his right to recover, the other's claim must perforce be entirely extinguished. The payee of an accepted bill, which corresponds in banking law to a certified check, where he has not procured the drawee to accept, still has his claim against both the drawer and acceptor of the bill, that is, the maker, and the bank certifying in the case of a check. Where the payee procures certification the acceptor becomes the debtor; the fund is assigned to the payee and the maker is wholly discharged from his obligation of the debt. The payee must thenceforward look solely to the acceptor or certifying bank. If the payee here have title to the check, the deposit in the bank remains wholly to the credit of the check and is forever withdrawn from the control of the maker. If the check has been reassigned to the maker and he is now the lawful holder and owner thereof, his right to have the amount of funds, which by reason of the certification had been held to the credit of the check, recredited to him, or paid by the bank to him, is a right in him alone. There

is no common question of law or of fact whose resolution in this action will determine the rights of each party to several portions of the fund involved, nor does the complaint show an instance where it is impossible to determine which plaintiff has the right or demand against the bank, so that relief in the alternative might be necessary to be determined. The facts seem to show, in so far as they are now alleged in the complaint, that the right of action is now in the maker or drawer, and no obligation remains to the payee upon the bank's part. There is a true misjoinder and the order should have so declared.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with direction to serve an amended complaint on payment of said costs.

CLARKE, P. J. and DOWLING, J., concur; SMITH and FINCH, JJ., dissent.

FINCH, J. (dissenting).

Section 209 of the Civil Practice Act authorizes a joinder of the parties plaintiff in the case at bar. Said section reads in part as follows: " All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise * * *."

If a separate action were brought by each plaintiff there would be common to both such actions the questions as to the drawing, certification, indorsement, presentation and improper payment of the check in question, which check is the subject-matter of both actions. While a recovery by one plaintiff would prevent a like recovery by the other, the facts alleged in the complaint show a liability in the alternative. The statute by its express terms refers to a right in more than one person in the alternative. There appears no ambiguity whatsoever. Where the language is definite and precise there lies no room for implication and exclusion. (*McCluskey* v. *Cromwell*, 11 N. Y. 593, 601.)

As yet there are not many decisions involving this section. Said section, however, was taken from the English Practice Act (Rules of the Supreme Court, order XVI, rule 1), which has been the subject of many decisions by the courts of that country. In 1894 it was held that the rule as then constituted had no reference to the joinder of several causes of action, but merely with the parties to an action. (*Smurthwaite* v. *Hannay*, L. R. [1894] A. C. 494.) To meet that objection the rule was amended in 1896 so as to read

as it does in said section 209 of the Civil Practice Act. Since then the English courts have consistently held that any number of separate and distinct causes of action may be joined, subject only to two conditions: (1) The right to relief must in each case arise out of the same transaction or series of transactions; and (2) there must be a common question of fact or law. The whole of a transaction or series of transactions need not be involved in the relief sought by each plaintiff, but only " where the investigation would to a great extent be identical." (*Markt & Co., Ltd.,* v. *Knight Steamship, Ltd.,* L. R. [1910] 2 K. B. 1021; *Stroud* v. *Lawson,* L. R. [1898] 2 Q. B. 54.) In the latter case it was said: " I do not think that the rule means that the whole of a transaction must be involved in each of the causes of action joined. I think that, if there was a transaction or series of transactions in respect of which one plaintiff was interested up to a certain point, and other plaintiffs were interested, not only up to that point, but in respect of the entire transaction or series of transactions from beginning to end, under this rule they might join their separate causes of action in one action, because there would be one transaction or series of transactions in respect of which the various plaintiffs all claimed a right to relief. Their remedies or damages might be different, but they would be claiming relief in respect of the same transaction or series of transactions."

It is to be noted that, even before the amendment of the rule as aforesaid, it was said (*Smurthwaite* v. *Hannay, supra*): " The rule applies to cases where it is doubtful in which of the plaintiffs, or in what number of the plaintiffs, and whether jointly or severally, the legal right to relief exists, and also to cases　*　*　*　in which several plaintiffs having separate rights claim the same relief."

It is the policy of the English courts to accord a liberal construction to the rules of this order with a view to simplifying the practice and curtailing litigation. (*Payne* v. *British Time Recorder Co., Ltd.,* L. R. [1921] 2 K. B. 1.) That case involved a construction of rule 4 of order XVI of the English Rules of the Supreme Court (similar to Civ. Prac. Act. § 211), which, although applying to defendants, is a direct authority on the meaning of the phrase " in the alternative." It reads: " All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative.　*　*　*."

In the case last above cited it was held that " where claims by or against different parties involve or may involve a common question of law or fact bearing sufficient importance in proportion to the rest of the action to render it desirable that the whole of the matters should be disposed of at the same time the

court will allow the joinder of *plaintiffs or defendants*, subject to its discretion as to how the action should be tried." In that case a joinder of defendants was permitted, although success against one defendant was incompatible with and "destructive of" success against the other. The court said: "In the present case A. has entered into a contract with B. to supply him (A.) with certain goods according to sample, and has also entered into a contract with C. to sell the goods to be supplied to him by B. according to the same sample. C. now says that the goods supplied to him are not according to sample. B. says that they are according to sample. The first question of fact is whether the goods which have passed from B. through A. to C. are sold in each case on the same sample. That question would soon be disposed of at the trial. There is then the question common to both cases: Are the goods according to this sample or not. If the two present defendants were not joined the result would be that there would be two actions which would be set down to be heard together.  *  *  * "

So in the case at bar there are common questions of fact and law involved, and in the absence of a showing of prejudice by another party to the action, there is a proper joinder.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

SMITH, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to serve an amended complaint on payment of said costs.