SOLOMON GREENWALD, Respondent, *v.* THE STATE BANK, Appellant

Supreme Court, Appellate Term, First Department, June 4, 1925.

(Headnote on former appeal, 124 Misc. 176.)

**Banks and banking — action against drawee bank to recover amount of check paid on forged indorsement — payee whose indorsement was forged cannot be interpleaded in place of bank — certification of check at plaintiff's request does not affect defendant's liability.**

In an action to recover the amount of a check paid by the drawee bank on a forged indorsement of payee's name, the payee cannot be interpleaded in the place and stead of the bank.

(Headnote on present appeal.)

The defendant's liability is not affected by the fact that plaintiff himself procured the certification of the check.

APPEAL by defendant from an order of the City Court of the City of New York, granting plaintiff's motion for summary judgment, and from judgment entered thereon.

*William F. Cogswell,* for the appellant.

*Reuben Dorfman,* for the respondent.

PER CURIAM:

The controversy involved in the present appeal was before the November, 1924, term of this court (124 Misc. 176) in connection with a motion granting the defendant the right to interplead a third party, who was the payee of a check drawn by plaintiff upon defendant. The *per curiam* opinion in that case practically disposes of the contentions of appellant on the present appeal.

It may be useful to add that although not specifically referred to in our previous opinion, the appellant now calls attention to the fact that the check involved was certified at the instance of the plaintiff. The opinion in one of the cases cited by appellant, namely, *Olsen* v. *Bankers Trust Co.* (205 App. Div. 669), points

out (at p. 670) that the plaintiff's right against the defendant here to have his funds in the check remain unaffected by the fact of such certification.

Judgment and order affirmed, with costs.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.