PAUL STINSON, Plaintiff, *v.* 6–8 WEST 57TH STREET CORPORATION,
Defendant.

Supreme Court, New York County, March 3, 1926.

**Interpleader — defendant paid brokerage firm part of commission for
leasing premises and agreed to pay balance — assignee of rival broker
sued defendant for same commission — defendant entitled to order
bringing in first broker as party by payment into court of entire sum
sued for — right to interplead rival brokers claiming same commission
unquestionable — letter written by defendant postponing payment of
commission does not preclude it from recoupment of amount paid
first broker as initial payment on commission.**

Defendant, owner of premises for the leasing of which it has already paid one
brokerage firm $10,000 on account of its bill of $28,350, with the understanding
that it would pay the balance on subsequent dates, is entitled, under section
287 of the Civil Practice Act, to an order bringing in said brokerage firm as a
party defendant in an action brought by the assignee of a rival broker who
claims the same commission, by paying into court the entire sum sued for,
since it is in the interest of the administration of justice that the whole con-
troversy be resolved in one litigation and settled at one time. The right to
interplead rival brokers claiming the same commission is a well-settled doctrine.

A letter which the defendant directed to the brokerage firm, after the transaction
was closed but before the lease was signed, which recited that it would pay the
commission of $28,350 by a payment of $10,000 in cash on the execution of
the lease, $12,000 on August 1, 1925, and the balance in two installments on
August 1, 1926, and on August 1, 1927, is not such a contract as precludes
defendant from seeking recoupment of the $10,000 paid to the brokerage firm.

MOTION for interpleader under section 287 of the Civil Practice
Act.

*Scudder, McCoun & Kerfoot* [*Frederic H. McCoun* of counsel],
for the plaintiff.

*Bandler & Roulstone,* for the defendant.

*Greenbaum, Wolff & Ernst* [*Samuel Greenbaum* and *Edward S.
Greenbaum* of counsel], for L. J. Phillips & Co.

PROSKAUER, J.   The defendant leased real estate to H. Milgrim
& Bros.   It received a bill from L. J. Phillips & Co. as brokers
in this transaction for $28,350 at the usual rates of commission.
After the transaction was closed, but before the lease was signed,
defendant interchanged a letter with L. J. Phillips & Co. agreeing
that it would pay this commission $10,000 in cash on the signing
of the lease, $12,000 on August 1, 1925, and the remaining sum
in two installments on August 1, 1926, and August 1, 1927.
Thereafter the firm of Brady & Bowman asserted a claim for a

commission of the same amount for bringing about the same transaction and the present plaintiff sues as the assignee of their claim. The defendant has already paid $10,000 to L. J. Phillips & Co. It moves under section 287 of the Civil Practice Act for an order bringing in L. J. Phillips & Co. as a party upon its paying into court the entire sum sued for.

The right to interplead rival brokers claiming the same commission is now well settled. (*Trembley* v. *Marshall*, 118 App. Div. 839; *Dardonville* v. *Smith*, 133 id. 234.)

The motion is resisted because of the peculiar circumstances of this case. L. J. Phillips & Co. urge first that they claim under what they call a contract providing for the postponed payments. In point of fact, however, this is no contract at all. If they are entitled to the commission, they had earned it before this letter was written and there was no consideration for the postponement of the payment. It rested simply on the good will of the parties. In the second place they urge that no substantial basis is made for the present plaintiff's claim and cite *Pouch* v. *Prudential Ins. Co.* (204 N. Y. 281). But there interpleader was denied because it affirmatively appeared that the claim of the person sought to be interpleaded was groundless. Here the persons sought to be brought in are L. J. Phillips & Co. who assert the validity of their claim. Then both the plaintiff and L. J. Phillips & Co. resist on the ground that the payment of $10,000 to L. J. Phillips & Co. renders anything like interpleader impossible. Defendant, however, fairly met this by offering to pay the entire amount into court, seeking recoupment of the $10,000 paid to L. J. Phillips & Co. in this action in the event that it shall appear that it was paid under the mutual mistake that L. J. Phillips & Co. was the procuring cause of the lease.

It is noteworthy that the defendant is not asking a strict interpleader. Section 287 of the Civil Practice Act provides in part: " Upon it appearing that the defendant disputes in whole or in part the liability as asserted against him by different claimants or that he has some interest in the subject-matter of the controversy which he desires to assert, his application may be for an order joining the other claimant or claimants as co-defendants with him in the action." The court is empowered to make such order upon terms as to costs and the payment into court of the amount of the debt " and thereupon the entire controversy may be determined in the action." This successfully meets the only additional claim of L. J. Phillips & Co. and the plaintiff that the defendant may be liable to both of them. If it is, it can be made to respond to both of them in this action. But it is in the clear interest of justice

that this entire controversy be settled in one litigation, and in my opinion the quoted provisions of section 287 were designed to accomplish that salutary result.    It is most unlikely on the facts here disclosed that the defendant subjected itself to the payment of two commissions.    The benefit of the bare possibility that it did is preserved to each of the claimants by the order here to be made, but every effort should in fairness be made to obviate a situation whereby the defendant will be compelled to litigate these two claims at different times and in different actions.    The interest of justice requires that relief be accorded in these respects to the defendant.    It is also in the interest of the administration of justice that the whole controversy be resolved at one time.

The order will provide that L. J. Phillips & Co. shall be brought in as additional parties defendant upon the defendant paying into court the entire amount sued for; that the defendant and L. J. Phillips & Co. may serve on each other answers asserting their respective demands against each other, and such other appropriate terms as may be called to the court's attention upon the settlement of the order.

Motion granted.    Settle order on notice.