WOOD, DOLSON COMPANY, INC., Plaintiff, *v.* LEONETT REALTY Co., INC., and Another, Respondents.
ABRAHAM WEINSTEIN and Others, Appellants.

First Department, January 10, 1930.

*Herman Shulman* of counsel [*Hays, Podell & Shulman*, attorneys], for the appellants.

*L. E. Schlechter*, for the respondents.

McAvoy, J.   The complaint sets forth two causes of action.

The first declares that defendants employed the plaintiff as a real estate broker under agreement to pay the commissions for services as such broker which are fixed by the Real Estate Board of New York, and that plaintiff carried out its part of the contract and earned a commission amounting to $5,425 by producing a person able and willing to purchase defendant's premises.

The second cause of action proceeds as a cause in *quantum meruit* based upon the rendering of work, labor and services, and alleges that the fair and reasonable value of the services is $5,425.

Certain other parties claimed commissions involved in the sale of defendants' premises, and the defendants asserted they could not determine, without hazard to themselves, to which of the rival claimants the funds were rightfully due.

The claim of Weinstein, Siess and the Crosby Corporation is based upon a special agreement with the Leonett Realty Co., Inc., whereby a commission was to be earned only in the event of the closing of title.   They allege they procured a purchaser, one James. A. Kasell, who entered into a contract for the purchase of said property and the transaction was carried out, title was closed and the commission earned.   Thereafter the Leonett Realty Co., Inc., refused to pay the commission, on the ground that it had been sued by the plaintiff herein, although an officer of the defendant corporation, it is asserted, admitted that the commission was due to the claimants proposed to be interpleaded.

We agree with appellants that the defendants have failed to show

that the claims are identical and exist by virtue of the same set of facts, and that they cannot determine, without hazard, to which of the rival claimants the funds belong. Such requirements are essential to compel the additional parties to enter the same suit, and where these elements do not exist, the order of interpleader cannot be sustained.

The number of items of dissimilarity between the two claims is such as to render their trial together unwarranted. Our conclusion is that the claims involved herein are not identical as is required by section 287 of the Civil Practice Act and that the defendants cannot be considered to be in doubt as to the rightful claimant, and that the order below was an improper exercise of the court's discretion and must be reversed.

The order appealed from should be reversed, with ten dollars costs and disbursements to the appellants, and the motion denied, with ten dollars costs, with leave to the defendants to answer within five days from service of order with notice of entry thereof, upon payment of said costs.

Dowling, P. J., Finch, Martin and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to answer within five days from service of order upon payment of said costs.