CHARLES H. CLARK, as Trustee in Bankruptcy of the INVESTORS' UNDERWRITING CORPORATION, Appellant, *v.* HERBERT H. CHILDS and Others, Respondents, Impleaded with WILLIAM F. BARNARD, Appellant.

Fourth Department, March 9, 1932.

*Woods & Carberry [Thomas Woods* of counsel], for the plaintiff, appellant.

*Cregg & Rulison [James F. Brazell* of counsel], for the appellant William F. Barnard.

*Andrews, Andrews & McBride [Harold H. McBride* of counsel], for the respondents.

PER CURIAM.   In every case of interpleader, whether by action or by motion, a prerequisite is that the same thing, debt or duty should be claimed as owing to the applicant by each claimant; or, as sometimes expressed, that the claims must be mutually exclusive.   If the two claims may both be right and the validity of the one does not depend upon the invalidity of the other, there is no reason why law or equity should unite them in one proceeding.   (*Wood, Dolson Co., Inc.,* v. *Leonett Realty Co., Inc.,* 227 App. Div. 552; *Bassett* v. *Leslie,* 123 N. Y. 396; *McCreery* v. *Inge,* 49 App. Div. 133; *Olsen* v. *Moran,* 50 Misc. 655.)

The complaint read with the particulars of the contract therein alleged contains the only statement of plaintiff's claim.   The two

written demands disclose the nature and extent of the third party's claim. We are unable to see that these claims thus stated are mutually exclusive. It is true that the complaint asks judgment for a sum of $25,000, which, in a sense, may be said to be included in the sum claimed by the third party. Mere assertion, unsupported by a statement of facts justifying it, is not enough. The only right in the money which plaintiff claims was to have it remain to the credit of his account with defendants until its return was demanded by the third party. Plaintiff was neither the owner nor entitled to the possession of it. A breach of that contract right, in the absence of any facts showing consequent damage, would lead at most to mere nominal damages. If any cause of action at all is stated in the complaint, it is by virtue of the allegations in the second cause of action. But the validity of that claim depends in no wise upon the invalidity of the third party's claim asserted in the demand. They are separate and distinct claims, both of which may be established. For that reason we think the order of interpleader was improperly granted and should be reversed.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

On first appeal: Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

On second and third appeals: Appeal dismissed, without costs, as academic in view of the decision made upon the appeal from the order entered May 14, 1931.