JOHN FRANCIS STRAUSS and Another, Copartners, under the Firm Name and Style of STRAUSS & HEDGES, Plaintiffs, Respondents, *v.* GRANDE MAISON DE BLANC, INC., Defendant, Appellant.

CARL W. STERN, Respondent.

Supreme Court, Appellate Term, First Department, March 25, 1932.

*Bijur & Hertz* [*Harry Bijur* of counsel], for defendant, appellant.

*Samuel Shapiro*, for the plaintiffs, respondents.

*McLaughlin & Stern* [*Stephen S. Bernstein* of counsel], for the respondent Carl W. Stern.

PER CURIAM. The complaint states a good cause of action against the defendant. The motion to bring in Stern, the adverse claimant, as an additional defendant should, however, have been granted since the defendant did not seek a strict interpleader, under which it would have been discharged upon payment of the amount sued for into court. Both the plaintiffs and Stern claim a commission on the refunds on the theory that they were each the procuring cause of the reductions. In *Stinson* v. *6–8 West Fifty-seventh Street Corp.* (127 Misc. 69, 71) a similar motion was granted, and it seems to us that the motion here should likewise have been granted.

Order denying motion to dismiss the complaint affirmed. Order denying motion to bring in additional defendant reversed, and motion granted.

LEVY and UNTERMYER, JJ., concur.

CALLAHAN, J. (dissenting). I dissent. Two different attorneys were hired by one client under separate written agreements. Apparently neither knew of the employment of the other although both agreed to receive as compensation for services a percentage of the sum recovered from the government on all excess customs duties paid by the client on the same importations.

In addition to providing for ordinary interpleader (substitution of a second claimant on deposit of the fund) section 287 of the Civil Practice Act provides that where it appears defendant disputes in whole or in part the liability asserted against him by different claimants, " or that he has some interest in the subject-matter of the controversy which he desires to assert, his application may be for an order joining the other claimant * * *."

While this language is not as clear as it might be, it seems to

me the section means that the moving party must dispute in whole or in part the claim of the party sought to be joined as well as that of the plaintiff. Further, the desire to assert " some interest " which the statute refers to means the desire by the moving defendant to assert some interest in a single fund claimed by plaintiff and the person to be joined. It is evident that neither such contingency exists here. The appellant does not deny liability to the attorney sought to be joined nor does he claim any interest in a single fund which both claimants seek. This is simply a case where the client admits he owes one lawyer who is not suing him a contingent fee but denies he owes any to the second who is suing. He asks that the lawyer he admits owing the fee to be brought into the dispute between the client and the second lawyer in which dispute the party to be joined has no interest whatever. It may be that the client has incurred liability to both lawyers but this unfortunate situation, if it exists, is due to his own conduct in making separate contracts. There appears to me no justification under any statute for compelling the lawyer who concededly is entitled to his fee to bear the burden of a law suit to alleviate his client's misfortune in having to answer to another claim.

I vote to affirm both orders.