JOHN FRANCIS STRAUSS and Another, Copartners under the Firm Name of STRAUSS & HEDGES, Appellants, *v.* GRANDE MAISON DE BLANC, INC., Respondent.*

CARL W. STERN, Appellant.

First Department, November 18, 1932.

*Samuel Shapiro*, for the plaintiffs.

*Stephen S. Bernstein* of counsel [*McLaughlin & Stern*, attorneys], for the appellant Carl W. Stern.

*Harry Bijur* of counsel [*Bijur & Herts*, attorneys], for the respondent.

SHERMAN, J.   On April 28, 1923, defendant entered into a written agreement with plaintiffs (who are what are termed " customs attorneys " admitted to practice before the United States Customs Court and the Treasury Department) whereby it constituted plain-

---

* Revg. 143 Misc. 244.

tiffs their agents to secure refunds of excessive customs duties paid by it upon importations under the Tariff Act of 1922 and authorized them to file protests in its name and to use all lawful means to collect such refunds and agreed to pay them for their services one-third of the refunded amounts.

On the following day defendant entered into a written agreement with Carl W. Stern (also a similarly licensed Custom House attorney) retaining him to represent it in connection with such claims as it might then or thereafter have for excess duties on its importations under the same tariff act, and authorizing him to file protests and prosecute the same in defendant's name, agreeing to pay to him one-third of the amount of duties refunded on importations as to which protests were filed by Stern.

Thus each was employed to file protests in defendant's name and each claiming to have rendered services demanded one-third of the amount refunded.

Defendant has paid neither nor has it deposited any fund in court.

Plaintiffs brought this suit to recover an amount equal to one-third of the duties refunded to defendant by the United States government.

Before answering, defendant moved to join Stern as a codefendant, virtually admitting, however, that it has no dispute with Stern and that it owes Stern the amount of the bill which he has heretofore presented to it.

It has succeeded in bringing into this litigation, against his will, Stern, its conceded creditor, who objects to being required to participate in this action, the only object of which is the determination of whether defendant owes plaintiffs anything and, if so, the amount thereof.

He appeals to this court, as do plaintiffs, who insist that they do not wish the presentation of their cause of action to the jury to be confused by the claims of a stranger to their contract.

Neither contract for services refers to the other; each is a distinct engagement. It is not shown that the attorneys acted in concert in the work performed by them. Perhaps they did not. It is possible that each filed the necessary protests and each took steps to advance and promote defendant's interests and the award may have been the result of the work of either or of both. Defendant may have deemed it wise to have both in its service. It may be required to pay both. It cannot be allowed to bring them, against their will, into the arena and pit them as parties against one another in the contest which actually exists only between plaintiffs and defendant.

In so far as Stern is concerned, the litigation is totally unnecessary, for defendant substantially admits the validity of his claim.

There is nothing in either written contract which states that either attorney must, like a realty broker in certain cases for brokerage upon a sale of real estate, be the actual procuring cause before he shall be entitled to any recompense whatsoever.

All that plaintiffs were required to do was to file protests and render services under their agreement with defendant, and if the award followed, they became entitled to the stipulated stipend.

Section 287 of the Civil Practice Act (formerly section 820 of the Code of Civil Procedure) is relied on to sustain the reversal by the Appellate Term of the order of the City Court which had denied defendant's motion. That section relates to interpleader in a pending action, and reliance is placed upon the phrasing of the latter part of that section.

This method of interpleader by order (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281, 284) " was not intended to create a new ground for interpleader, but to enable a person sued on a claim where an action of interpleader could be brought to bring the third person, making a claim to the fund or property, into court in a summary way."

The claims must be upon the " same debt," and it must appear that defendant " disputes in whole or in part the liability as asserted against him by different claimants." Then the court in its discretion may make such order upon such terms " as to costs and payments into court of the amount of the debt or part thereof * * * as may be just, and thereupon the entire controversy may be determined in the action." (Civ. Prac. Act, § 287.)

Apart from the fact that defendant's application stands granted without the imposition of any terms whatever, the fundamental attributes of an interpleader are not present. Both claimants here may recover; Stern is party to no controversy whatever; the so-called debts in essence are not the same, for they are not, as it has been phrased, " mutually exclusive " (*Clark* v. *Childs*, 234 App. Div. 561) nor " identical " (*Wood, Dolson Co., Inc.*, v. *Leonett Realty Co., Inc.*, 227 id. 552); the fact that each claimant may recover upon his respective claim defeats defendant's application. Nor does defendant show that it cannot determine without hazard to itself which claimant is alone entitled to payment, for it expresses no real doubt as to the validity of Stern's claim. (*Pouch* v. *Prudential Ins. Co., supra; Crane* v. *McDonald*, 118 N. Y. 648.) Defendant does not show that " he is ignorant which claimant has the better right." (*Baltimore & Ohio R. R. Co.* v. *Arthur*, 90 N. Y. 234, 237.) Actually the only controversy here is the issue that will arise upon the complaint and such denials or defenses as may be pleaded in the answer to be served by defendant.

For these reasons the determination of the Appellate Term so far as appealed from should be reversed and the order of the City Court affirmed, with twenty dollars costs and disbursements to the appellants in this court, and ten dollars costs and disbursements in the Appellate Term.

.FINCH, P. J., MERRELL and McAVOY, JJ., concur; MARTIN, J., dissents and votes for affirmance.

MARTIN, J. (dissenting). The plaintiffs and Carl W. Stern are customs attorneys. The defendant Grande Maison De Blanc, Inc., is engaged in the business of importing and retailing merchandise. This action was brought in the City Court to recover the sum of $1,861.85 upon a retainer from the respondent, based upon a contingent fee of thirty-three and one-third per cent of refunds and abatements which the plaintiffs alleged they recovered for the respondent upon excessive custom duties paid by it on one hundred and twenty importations of merchandise. Annexed to the complaint is a copy of a retainer, as well as a detailed schedule showing the date and entry number of the importations, the dates and the amount of each refund and an itemized calculation of plaintiffs' alleged compensation.

Before pleading to the complaint, the defendant, respondent, moved for an order to bring in as a party defendant the appellant Carl W. Stern, so that the entire matter in controversy between all the parties might be determined in one action.

The respondent contends that the retainers or contracts asserted by both claimants contemplated the performance of the services referred to herein, and that the compensation therefor was to be paid only in the event that through such services a rebate or refund was allowed; that since the compensation depended upon a refund being obtained, the party only through whom it was obtained is entitled to be paid therefor.

The affidavit of Arthur Krakeur, vice-president of the defendant, respondent, accompanying the moving papers, sets forth that the retainer attached to the complaint related and applied exclusively to a single entry and importation of merchandise, which item is not included by the plaintiffs in the schedule attached to the complaint; that the plaintiffs were never hired or engaged to handle the protest on any of the one hundred and twenty other items listed in the complaint.

The affidavit then denies that the plaintiffs rendered any service whatsoever in connection with the recovery of the refunds on those items, and disputes the plaintiffs' claim to any compensation. It avers that the appellant Carl W. Stern was retained to handle the

protest against the payment of the excessive duties on the one hundred and twenty items mentioned in the complaint; that he has rendered bills at the same rate of thirty-three and one-third per cent on the same entry numbers and refunds as the plaintiffs, and thus the respondent finds that the plaintiffs and the appellant Stern claim compensation for rendering the identical services on the same importations which resulted in the refund of the excessive duties.

The defendant, respondent, says that it has no interest in the sum claimed by the appellants, except to deliver the funds to whichever of the two claimants may be lawfully entitled thereto, thereby avoiding the jeopardy of paying two different persons for the same services.

The fact that the plaintiffs and the appellant Stern seek to recover different sums of money is due to an item of $15.40 which Stern does not claim but for which the plaintiffs ask judgment. This item was handled by the shipper and the duty paid by him. There is also a difference, in the sum of $178.31, due to the fact that the respondent paid that sum to the plaintiffs on January 3, 1927. The plaintiffs sought to recover that sum in an action brought originally in the Municipal Court of the City of New York, which has now been consolidated with this action.

To sustain its contention the Appellate Term cited, and the respondent relies upon, the case of *Stinson* v. *6–8 West 57th Street Corporation* (127 Misc. 69). In that case the court granted a motion to bring in as a party defendant a second broker who claimed the same commission as the plaintiff. The court there permitted the defendant to pay into court the amount of the commission which both claimants sought, and determined that the whole controversy should, in the interests of justice, be disposed of in one action. With respect to the argument of the claimants that both might be entitled to the commission, the court said: " This successfully meets the only additional claim of L. J. Phillips & Co. and the plaintiff that the defendant may be liable to both of them. If it is, it can be made to respond to both of them in this action. But it is in the clear interest of justice that this entire controversy be settled in one litigation, and in my opinion the quoted provisions of section 287 were designed to accomplish that salutary result. It is most unlikely on the facts here disclosed that the defendant subjected itself to the payment of two commissions. The benefit of the bare possibility that it did is preserved to each of the claimants by the order here to be made, but every effort should in fairness be made to obviate a situation whereby the defendant will be compelled to litigate these two claims at different times and in different actions. The interest of justice requires that

relief be accorded in these respects to the defendant. It is also in the interest of the administration of justice that the whole controversy be resolved at one time."

The respondent herein does not ask for a strict order of interpleader because under such an order it would be discharged upon payment into court of the amount claimed to be due. The respondent does not seek to be discharged because of the possibility of judgment being rendered against it and in favor of both the plaintiffs, appellants, and the appellant Stern, if the court, upon the trial, should determine that contracts were made with both parties and that the respondent was liable to both.

This case is very similar to many actions where two or more brokers claim a commission for making a sale. While any number of brokers may have a contract to sell, unless otherwise agreed, the broker who rendered the services resulting in the sale is the only one entitled to recover. Here, the customs attorney whose services resulted in the refund is entitled to the compensation. If it should appear that because of some agreement or for some other reason both are entitled to recover, that condition may be met in this action, as outlined in the *Stinson Case* (*supra*).

To reach the conclusion that both parties may be entitled to recover it is necessary to assume facts which do not appear and for the sole purpose of defeating what appears to be a very meritorious motion. The statutes are to be given a reasonable application and are not to be construed to defeat the very purpose for which they were enacted.

These claims are mutually exclusive. While there might be an instance where a defendant agreed to pay two people for the same services, that is not this case. Here the claim is for rendering the services which resulted in the refund. One only rendered such services and that one is entitled to the compensation.

If the court should hold that a party may not be added in such a case, one plaintiff may sue and produce proof that he rendered the services in question and obtain a judgment therefor, and thereafter a second plaintiff may establish by witnesses that he rendered the services and also obtain a judgment. To avoid such an unjust result the statutes have been enacted which permit the addition of a necessary party in order to dispose of the entire controversy in one litigation.

The determination so far as appealed from should be affirmed, with ten dollars costs and disbursements.

Determination so far as appealed from reversed and the order of the City Court affirmed, with twenty dollars costs and disbursements of this appeal to the appellants in this court, and ten dollars costs and disbursements to plaintiffs in the Appellate Term.