Richard C. Llop, Trustee in Bankruptcy of Finger Lakes Beverage Co., Inc., Plaintiff, *v.* The First National Bank of Dryden, Defendant.

Stegmaier Brewing Company, Plaintiff, *v.* First National Bank of Dryden, Defendant.

Supreme Court, Tompkins County, May 13, 1942.

*Lawrence M. Mintz,* for the plaintiff Richard C. Llop.

*Newman & Adams* [*Armand L. Adams* of counsel], for the plaintiff Stegmaier Brewing Company.

*Angell & Fitzgerald* [*Harry K. Angell* of counsel], for the defendant.

Coon, J. There is little dispute about the facts. On March 14, 1941, one Harry Dworsky presented to the defendant bank a check for the sum of $600, made by Finger Lakes Beverage Co., Inc., payable to Harry Dworsky, for certification. It was thereupon certified by the bank. Thereafter, and before the check was presented for payment, the said Harry Dworsky notified the defendant bank to stop payment thereon, and gave as his reasons therefor that the Stegmaier Brewing Company, plaintiff in action No. 2, had illegally and fraudulently obtained possession of the check and was not the lawful owner thereof. The bank took a so-called indemnity agreement from Harry Dworsky and refused payment of the check when it was presented by the Stegmaier Brewing Company. Thereafter, Finger Lakes Beverage Co., Inc.,

was adjudicated a bankrupt and action No. 1 was commenced by the trustee in bankruptcy to recover the sum of $600, alleging that possession of said check was fraudulently obtained by plaintiff in action No. 2 and that notice thereof had been given to defendant bank, and that the sum involved still remained on deposit to the credit of the bankrupt and was an asset of the bankrupt. In action No. 2 the plaintiff seeks to recover the sum of $600 because of the refusal of the bank to pay said check when presented. The bank alleges that it cannot with safety pay said sum to either of the plaintiffs and seeks an order authorizing it to pay the sum of $600, with interest, into court, to be paid to the party legally entitled thereto and thereby be discharged from further liability to either plaintiff.

It is contended by the respective plaintiffs that the respective claims are not " mutually exclusive; " that the validity of one does not depend upon the invalidity of the other, and that there is a possibility of a recovery in each action. With this contention I cannot agree.

The plaintiff in action No. 2 distinguishes the two actions by contending, in substance, that its action is in tort and seeks to recover on the basis of a general liability of the bank for a wrong, and that the plaintiff in action No. 1 seeks a specific fund. A bank depositor is merely a general creditor of the bank. The holder of a certified check is likewise a general creditor and the bank does not ear-tag or set apart any specific fund. (*People* v. *St. Nicholas Bank*, 77 Hun, 159.)

The complaint in action No. 2 seems to me to be clearly in contract based upon the check itself, and the bare allegation that the acts of the defendant bank were " unlawful " does not make it a tort action. If the plaintiff in action No. 2 was the lawful holder of said check at the time it was presented, the defendant bank is liable to it because of its certification and the sum is not an asset of the bankrupt and action No. 1 must fail. If the plaintiff in action No. 2 obtained possession of the check illegally and was not the lawful holder thereof, it cannot recover and the plaintiff in action No. 1 is entitled to recover. Either the plaintiff in action No. 2 was or was not the lawful owner and holder of this check. The determination of this question will determine to which of these two plaintiffs the defendant is indebted.

The nearest case in point to which my attention has been called or which I am able to find is *Greenberg* v. *World Exchange Bank* (227 App. Div. 413). Although that case involved the certification of a note, instead of a check, the principles involved are identical. (See, also, *Olsen* v. *Bankers Trust Co.*, 205 App. Div. 669; *Clews*

v. *Bank of New York Nat. Bank Assn.*, 89 N. Y. 418; *Sundail Construction Co.* v. *Liberty Bank*, 277 id. 137.)

The Legislature has recognized the fact that a bank finds itself frequently in a situation similar to this and is entitled to some protection. (Banking Law, § 134, subd. 6.)

Because that section refers specifically to a deposit, it may be that it does not apply here; but the spirit if not the letter of that section applies to this situation. It would be a hardship upon a bank when it has been notified that a check, even though certified, is in the fraudulent and illegal possession of a party and that, therefore, payment should be stopped, to be required to pay at its peril, with a possible liability afterward to the drawer.

The defendant bank points out, with some merit, that if it is required to defend each of these actions separately, it is at least conceivable that each plaintiff might recover, in which event the bank, an innocent party in the transaction, would be unjustly the loser and one of the plaintiffs would be unjustly enriched. It is likewise conceivable that the bank might successfully defend in each action, whereupon it would be unjustly enriched to the extent of $600.

The cases of *Wood, Dolson Co., Inc.,* v. *Leonett Realty Co., Inc.* (227 App. Div. 552); *McCreery* v. *Inge* (49 id. 133) and *Olsen* v. *Moran* (50 Misc. 655), cited by the plaintiffs, do not apply, because it is alleged that the defendant had made a separate and entirely distinct contract with the different parties involved.

The ends of justice in this transaction can be met without hardship to any one by a trial between these plaintiffs to determine whether or not the plaintiff in action No. 2 was the lawful holder of said check, and whether it obtained possession thereof legally or illegally.

The motion should be granted under the authority of section 287 of the Civil Practice Act, and the plaintiff in action No. 2 should be substituted as defendant in action No. 1. Upon the payment into court of the sum of $600, with interest thereon, the defendant bank should be discharged from further liability.