In the Matter of the Submission of Controversy under Sections 546 and 547 of the Civil Practice Act between CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, as Trustee under an Insurance Trust Created by LYNNWOOD FARNAM, and ARLINGTON I. FARNUM and Others.

First Department, June 24, 1931.

*Cornell S. Dikeman* of counsel [*Kaye, McDavitt & Scholer*, attorneys], for Chatham Phenix National Bank and Trust Company, as trustee.

*Rogers H. Bacon* of counsel [*Williams & Saxe*, attorneys], for Arlington I. Farnam and Alice Arline Hall.

*William J. Moran*, for the Travelers Insurance Company.

SHERMAN, J. The parties have submitted to this court in the first instance their controversy upon an agreed statement of facts.

Lynnwood Farnam was insured under two policies of life insurance issued by the Travelers Insurance Company of Hartford, Conn. He had designated as beneficiary the Chatham Phenix National Bank and Trust Company, as trustee. One policy con-

tained the following: " Provided the contract is not assigned, the insured may at any time and from time to time during its continuance change the beneficiary, to take effect only when such change shall have been approved in writing by the company, whereupon all rights of the former beneficiary shall cease." The other policy carried a clause virtually to the same effect. Neither policy had been assigned.

The agreement whereby Mr. Farnam created the trust making the trust company trustee was executed in June, 1930. It contained a provision whereby the settlor (Mr. Farnam) reserved the right to modify, alter or revoke that instrument.

In October, 1930, the insured learned that he had a fatal illness. His father and sister came to New York city from a distance to see him, and it then appearing that their financial needs were pressing, he determined to make them the direct and immediate recipients of the proceeds of these policies. He procured and executed proper forms for changing the policies, so that his father and sister would become beneficiaries. These were delivered to the general agent of the Travelers Insurance Company in the city of New York, who transmitted them by mail to the main office of the insurance company at Hartford, Conn., where they were received on Saturday, November twenty-second, which was a half-holiday.

The insured died on Sunday, November 23, 1930. The insurance company, on November twenty-fourth, in ignorance of his death, approved in writing upon the signed form the change of beneficiary of one policy. Owing to the fact that the number of the other policy had not been correctly set forth upon the other of these instruments, the insurance company did not then indorse its consent as to that policy. After learning of the death of the insured, it did nothing further with respect to noting its consent.

It is conceded that the insured had properly designated his father and sister as beneficiaries in accordance with the terms of the policies, and that both instruments had been lodged with the insurance company prior to his death.

The submission likewise states that the insurance company has waived the requirement of its written approval of change of beneficiary as to both policies, and will pay the proceeds to whichever party the court shall direct. The trustee concedes that, under the trust agreement, the insured had a free and untrammeled right to change the beneficiary in both policies without actual prior withdrawal of the policies from its possession.

The sole question, therefore, is whether or not the change of beneficiary by the insured was effective.

It is not contended that anything further remained to be done by the insured in order to effectuate his endeavor and to complete the change of beneficiary under the power expressly reserved to him by each of these policies. It is asserted, however, that his death, before the insurance company had actually approved in writing the change of beneficiary, defeated his purpose.

The provision requiring written assent by the insurance company was solely for its own benefit. It could be waived by the insurer, and a prior designee would not be heard to complain. If the action had been brought against the insurance company and it had rested its defense upon its lack of consent, a different situation would be presented. But it is not defending here. It has waived the requirement of its written approval and leaves it to this court to determine which of these parties is entitled to the proceeds of the policies.

The controlling provision in the contract is the right of the insured to make the change of beneficiary, which he did, and of which he gave notice to the insurer during his lifetime. Inasmuch as he had done everything that could have been done by him to effectuate his purpose and the insurance company has waived its right to require its written consent, the change must be held effective as against the prior beneficiary. (*Lahey* v. *Lahey*, 174 N. Y. 146; *Luhrs* v. *Luhrs*, 123 id. 367; *Rothstone* v. *Norton*, 231 App. Div. 59; affd., 256 N. Y. 601.)

The trustee relies upon *Strianese* v. *Metropolitan Life Ins. Co.* (221 App. Div. 81) and *Fink* v. *Fink* (171 N. Y. 616).

In the *Strianese* case the insurance company defended and showed that the application for a change of beneficiary was not filed with it until after the death of the insured. It did not waive the provisions of the contract which required filing of the change of beneficiary with the insurer and its approval while the policy was in force.

In the *Fink* case the assured delivered the instrument to his own agent, failed to pay the fee required and the paper was not received by the association until after his death. The court in its opinion distinguished that case from *Luhrs* v. *Luhrs* (*supra*), stating (p. 625): " In that case everything had been done that the member could do, while in this he had really done nothing, as his attempt to reach the company was a failure."

We conclude that the change of beneficiary executed by the deceased, and delivered during his lifetime to the insurer, must be given effect, and that Arlington I. Farnam and Alice Arline Hall were entitled to the proceeds of both policies.

Judgment should, therefore, be directed that the Travelers

Insurance Company pay said proceeds in accordance with such determination.

FINCH, P. J., and MERRELL, J., concur; O'MALLEY and TOWNLEY, JJ., dissent.

TOWNLEY, J. (dissenting). The right of the insured to change the beneficiary named was conditional upon the consent of the company. The giving or withholding of this consent involved the exercise of discretion on the part of the company. Until such consent was given, the transfer was incomplete. (*Hoff* v. *Hoff* 175 App. Div. 40; appeal dismissed, 222 N. Y. 603.)

This consent was not given prior to death. Upon the death of the insured, the rights of the trustee became vested and could not be affected by any act or admission of the company made thereafter. (*Strianese* v. *Metropolitan Life Ins. Co.*, 221 App. Div. 81; *Fink* v. *Fink*, 171 N. Y. 616.) The decisions in *Luhrs* v. *Luhrs* (123 N. Y. 367) and *Lahey* v. *Lahey* (174 id. 146) have no application. In those cases the right of the insured to change the beneficiary was absolute and the company's acts were purely formal.

Judgment should be directed in favor of the trustee.

O'MALLEY, J., concurs.

Judgment directed that the Travelers Insurance Company pay the proceeds of the policies to Arlington I. Farnam and Alice Arline Hall. Settle order on notice.