SALLY E. MOSKOWITZ, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

JACK KATZ, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

(Consolidated Action.)

First Department, July 1, 1937.

*Willard I. Zucker* of counsel [*David Orlikoff* with him on the brief], for the appellant.

*Newton Millham* of counsel [*Cramp & Millham*, attorneys], for the respondent.

*Charles H. Griffiths* in person [*Pearce H. E. Aul* with him on the brief; *Griffiths & Content*], as *amicus curiæ*.

MARTIN, P. J. Sally E. Moskowitz and Jack Katz sued the defendant Equitable Life Assurance Society to recover the proceeds of a life insurance policy issued by said defendant on the life of one Herman Saalberg. The plaintiff Moskowitz is the beneficiary named in the policy. The insured during his lifetime assigned the policy to the plaintiff Katz, in payment of a debt. The assignment is absolute in form and transferred to Katz every possible right which the insured had in the policy and its proceeds. The policy at that time had been converted into a certificate of non-participating, paid-up extended term insurance. The insured had reserved the right to change the beneficiary. The plaintiff Katz duly filed the assignment with the insurer. The insured subsequent to the assignment had attempted to obtain the co-operation of the insurer in recovering the policy from the beneficiary from whom the insured had been divorced. The beneficiary had possession of the policy but refused to give it up. Presumably the intention was to change the beneficiary to Katz the assignee. The policy required the indorsement of such change thereon.

The insured, having reserved the right to change the beneficiary, might assign the policy without the consent of the beneficiary. (*Wagner* v. *Thieriot*, 203 App. Div. 757; affd., 236 N. Y. 588; *Rawls* v. *Penn Mutual Life Insurance Co. of Philadelphia*, 253 Fed. 725.) In the case last cited, the court said: " While admitting the right of the Insured to change at will the beneficiary, she [beneficiary] denies his right to create a lien on the policies without her consent. It would seem that the greater right included the lesser. If the Insured could have changed the beneficiary to another person, or even to his own estate, he could have assigned or incumbered the policies to secure a loan. An assignment, in fact, to secure a debt greater than the face of the policies, would have been, in effect, a change in the beneficiary, which the policies specifically give the Insured the right to make." The case of *Schoenholz* v. *New York Life Insurance Co.* (234 N. Y. 24), upon which the respondent relies, is distinguishable. In that case the action was brought to have canceled the designation of the defendant Schoenholz as beneficiary of a policy issued by the defendant insurance company and to have the insurance paid to the plaintiff. The plaintiff

claimed to have received an oral assignment. Realizing that this was void under the provisions of the policy, the action was instituted on the theory that there had been in equity a change of beneficiary. The court held that the provisions of the policy with respect to change of beneficiary were for the protection of the company, upon which it might rely if it chose. The company did choose so to rely, and that was the basis of the decision. In the case at bar the insurance company is neutral, its only interest being that it be not subjected to a double liability. Under such circumstances there has been a waiver by the insurance company of any requirements with respect to the change of beneficiary, and the rights and equities of the claimants are left to the determination of the court without respect of any such considerations. This is made clear by the case of *Matter of Chatham Phenix National Bank & Trust Co.* (232 App. Div. 598, 600), where the court said: " The provision requiring written assent by the insurance company was solely for its own benefit. It could be waived by the insurer, and a prior designee would not be heard to complain. If the action had been brought against the insurance company and it had rested its defense upon its lack of consent, a different situation would be presented. But it is not defending here. It has waived the requirement of its written approval and leaves it to this court to determine which of these parties is entitled to the proceeds of the policies."

Plaintiff Katz, having taken an absolute assignment of the policy for value and the only reason for the failure to make a physical change of beneficiary in the policy being the wrongful refusal of plaintiff Moskowitz to surrender the same, Katz is rightfully entitled to the proceeds of the policy. In *Lahey* v. *Lahey* (174 N. Y. 146) it is said: " We are of the opinion that the principle of these cases should be followed; that under the findings of fact which are conclusive upon us it should be held that the plaintiff wrongfully retained the certificate from the possession of her husband, and that by reason thereof a proper transfer was prevented; that she should not be permitted to profit by her own wrong, but that although the attempted change of beneficiary was imperfect, equity should aid the defendant and consider that as done which ought to have been done."

The respondent's contention that under section 52 of the Domestic Relations Law she has a vested interest as beneficiary of the policy of which she cannot be deprived, is quite untenable. Section 52 is in no way involved. This section gives the widow of the insured certain rights against creditors of the estate in insurance of which she is beneficiary, provided, of course, the insurance belonged

to the insured at the date of his death and the widow continued to be the beneficiary. Obviously it could have no application to a case where the insured in his lifetime had duly assigned the policy.

The judgment and orders should be reversed, with costs, the motion of plaintiff, Sally E. Moskowitz, for summary judgment denied, and the complaint of said plaintiff dismissed, and the cross-motion of plaintiff, Jack Katz, for summary judgment granted.

Judgment and orders unanimously reversed, with costs, and appellant's cross-motion for summary judgment granted.