BLUME GREENFIELD, Also Known as BECKY GREENFIELD, Appellant, *v.* (MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY), LOTTIE SCHAFFER, SAM SCHAFFER, ELLA MANDEL and SADIE GREENSTEIN (as Substituted Defendants), Respondents.

Third Department, December 29, 1937.

*Milton E. Glickman* [*Isadore Rothenberg* of counsel], for the appellant.

*Miller & Miller* [*Robert M. Rubenstein* and *Mathilda D. Miller* of counsel], for the respondents.

BLISS, J.   This action was orginally brought against the Massachusetts Mutual Life Insurance Company to recover on a life insurance policy issued by it on the life of plaintiff's husband, Samuel Greenfield.   The other defendants were brought in by interpleader.   The defendant insurance company has paid into court the amount of the policy and the action has been discontinued as to it.   The action, therefore, has resolved itself into a contest between appellant, who was the original beneficiary under the policy, and the respondents, who were named in an attempted

change of beneficiaries made by the assured prior to and on the day of his death. The appellant was the wife of the assured but had been separated from him for several years. Of the new beneficiaries Ella Mandel and Lottie Schaffer were sisters, Sam Schaffer, a brother-in-law, and Sadie Greenstein, a friend of the insured.

March 14, 1937, fell on a Sunday. On that day the insured, who then was in a hospital in New York city, executed an assignment to the respondents of all of his interest in the policy and a change of beneficiary which substituted the respondents as the new beneficiaries. On the motion for summary judgment the proof shows that the attorney who prepared the change and superintended its execution, did so at the request of the deceased. The change itself is in writing, witnessed and acknowledged. While the affidavits used in the court below are meager as to the exact circumstances surrounding the execution and delivery of the change by the insured, the attorney states that he made attempts to communicate with the insurance company both on the day of death and on the following day, to advise them of the change. Insured died some time after the execution of the change, but on the same day, Sunday, March 14, 1937. The attorney says that he reached the company by telephone on March 15, 1937, and notified it of the change. The record also contains a letter written on March 15, 1937, by the attorneys to the insurance company, stating that the change was executed at the hospital and insured died thereafter, that the attorneys have the original instrument of change of beneficiary in their possession and expect to get the policy within the next few days. Proofs of death were then sent by the insurance company to the attorneys with the request that they be executed and returned, together with the policy *and the original instrument of change of beneficiary.*

The right to change the beneficiary with the consent of the company was reserved by the insured in the policy. He was clearly acting within this right when he substituted the respondents in the place of his estranged wife. Whatever rights she had before his death were contingent and revocable at his will. (*Schoenholz* v. *N. Y. Life Ins. Co.*, 234 N. Y. 24.) The policy requirement that any change of beneficiary was to be with the consent of the company was for the benefit of the insurer only and it might waive it at will. (*Rothstone* v. *Norton,* 231 App. Div. 59; affd., 256 N. Y. 601; *Donnelly* v. *Burnham,* 86 App. Div. 226; affd., 177 N. Y. 546; *Baley* v. *Prudential Ins. Co.,* 147 Misc. 488.) The rights of all parties became fixed and unalterable upon the death of the insured. (*Fink* v. *Fink,* 171 N. Y. 616; *Schoenholz* v. *N. Y. Life Ins. Co.,*

*supra*.) The indorsing of the change of beneficiary upon the policy is ministerial only (*Baley* v. *Prudential Ins. Co., supra; White* v. *White*, 194 N. Y. Supp. 114), and when an insured has done all within his power to effect a change the courts will give effect to his intention. (*Luhrs* v. *Luhrs*, 123 N. Y. 367; *Lahey* v. *Lahey*, 174 id. 146; *Rothstone* v. *Norton, supra; Matter of Chatham Phenix National Bank*, 232 App. Div. 598; *Baley* v. *Prudential Ins. Co., supra; Stewart* v. *Stewart*, 90 Ind. App. 620; 169 N. E. 593.) " It may, however, be safely said to be a well-established proposition of law that where an insured, in attempting to change the beneficiary in his certificate or policy, has done everything in his power to conform to prescribed conditions and formalities, but dies before completion thereof, the desired change will be deemed effected so as to cut off the contingent rights of the deposed beneficiary, especially if all that remains to be done is some purely ministerial duty on the part of the officers or agents of the insurer." (2 Couch on Insurance, § 323.) It has even been held that the mere execution of a written change of beneficiary was sufficient to effect the change. *Arrington* v. *Grand Lodge of Brotherhood of Railroad Trainmen* (21 F. [2d] 914) was a case very similar to the one at bar. The insured had a policy of life insurance with the grand lodge and his sister Ruby Inglett (now Arrington) was named as beneficiary. He then married Ethel Smith. On December 24, 1923, at about noon, he was injured in a railroad wreck, both of his legs were amputated and he died at about six-thirty P. M. on the same day. Subsequent to his injury he executed a paper which among other things stated that he wanted his wife to have this insurance. A bill of interpleader was instituted by the grand lodge against both the sister and the widow. By the terms of the insurance certificate and the constitution of the brotherhood, which was made a part thereof, it was provided that the printed transfer on the certificate should be signed by the member desiring to transfer the beneficiary certificate; that the same should then be sent to the secretary and treasurer, through the secretary of a lodge; that all transfers should be made upon the books of the grand lodge under the direction of the grand secretary and treasurer and that transfers made in any other manner should be null and void. The paper attesting the change of beneficiary was also probated as a will of the insured and the report of the case is silent as to any efforts having been made by the insured to communicate his intention to change the beneficiary to the insurer before his death. Nevertheless, the court sustained the claim of the widow, saying that the insured had the right to terminate the interest of the deposed beneficiary without her con-

sent; that the provisions as to the manner of effecting the transfer were entirely between the insurer and the insured and for the benefit of the insurer alone; that no one other than the insurer had the right to question the sufficiency of the instrument which effected a change of beneficiary on the ground of non-compliance with the provision as to the method of effecting such change and that, subject only to the right of the insurer to insist upon compliance with the provisions of its constitution as to the manner of effecting such change, the change could be effected by parol or by a written instrument manifesting the insured's intention to change the beneficiary. The court further held that in the absence of any objection by the insurer as to a manner of effecting the change of beneficiary, the instrument in question was effective to accomplish that result.

But we do not need to go as far as that in this case, although we ought not to hesitate to do so if it were necessary. Insured's intent to change the beneficiary is undisputed and should not be defeated. Apparently after the execution of the change it was delivered to the attorney and the attorney gave notice of the change to the insurance company on the first business day thereafter which was as soon as it was possible for him to do so. Under instructions from the company the written change itself was not forwarded to the company until several days after the date of death, but it is apparent that the insured himself did all that he could while alive to effectuate the change and his intention should not be defeated because the attorney followed the instructions of the insurance company as to sending the change to it. When the insured executed the change and put it in the way of transmittal to the insurance company, he did all that was humanly possible for him to do because he was then upon his deathbed. He had thus completed all that was necessary or possible on his part to bring about the change.

The order and judgment should be affirmed, with costs.

HILL, P. J., RHODES, MCNAMEE and HEFFERNAN, JJ., concur.

Judgment and order affirmed, with costs.