## EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. ARNOLD et al.

### No. 4598.

District Court, D. Massachusetts.
April 26, 1939.

Nutter, McClennen & Fish and E. Curtiss Mower, Jr., all of Boston, Mass., for plaintiff.

Herbert S. Avery and Avery, Dooley, Post & Carroll, all of Boston, Mass., for defendant Katherine Fitts Arnold.

John E. Eaton, of Boston, Mass., for defendant Catherine B. Arnold, executrix.

John E. Hannigan and Hannigan & Hannigan, all of Boston, Mass., for defendant Catherine B. Arnold.

FORD, District Judge.

This is an interpleader suit brought by the plaintiff company under the provisions of U.S.C., Title 28, Section 41, Subdivision 26, 28 U.S.C.A. § 41(26), Jud.Code § 24 (26), as amended, to determine the person entitled to the proceeds of an insurance policy on the life of Frank B. Arnold, deceased. Claimants are Katherine Fitts Arnold, Trustee for Norma Jean Fitts Arnold, a step-daughter of the deceased, who was the named beneficiary in the policy, and Catherine B. Arnold, Executrix under the will of Frank B. Arnold, who claims under a purported assignment of the policy.

Statements of facts in this opinion may be taken as special findings, and statements as to the law, as legal conclusions, in compliance with Rule 52 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The facts were for the most part stipulated by the parties and are as follows:

The insurer executed and delivered the policy now in suit to the decedent under date of June 3, 1925, insuring his life for $5,000 and payable on his death to his niece, Helen Martin. The policy contained a provision reserving the right to the insured to change the beneficiary or assign

the policy. That on or about November 25, 1930, in accordance with the terms of the policy, the beneficiary was changed pursuant to the written request of the insured, by a rider which was attached to and became a part of the policy and Katherine Fitts Arnold, the then wife of the insured, was designated as beneficiary as Trustee for the insured's step-daughter, Norma Jean Fitts Arnold. No other change of beneficiary was made by the deceased in accordance with the terms of the policy.

On September 13, 1932 the insured executed and a few days later filed with the insurer an instrument in writing in the following terms:

"Duplicate of Absolute Assignment

"To be Detached and Returned to the

Society

"For One Dollar, to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged) I hereby assign, transfer and set over Policy No. 3738500 on the life of Frank B. Arnold issued by The Equitable Life Assurance Society of the United States with all rights therein, and with all money now or hereafter due or payable thereon, and all dividends, options, benefits or advantages derived therefrom, including the right to surrender said policy at any time and to receive and receipt for the surrender value thereof, to Frank B. Arnold, whose P. O. address is 1469 Mulford Rd., Columbus, O., and for the consideration above expressed I do also for my executors and administrators, guarantee the validity and sufficiency of this assignment to the assignee named herein his executors, administrators and assigns; and his title to the said policy will forever warrant and defend.

"In Witness Whereof, I have hereunto set my hand and seal this 13th day of Sept. 1932.

"Frank B. Arnold."

This instrument was executed in Ohio and acknowledged before a Notary Public of that State. The foregoing remained in the files of the insurer until produced by it at the time of trial. The insurance policy itself was in the possession of Katherine Fitts Arnold at the time this instrument was executed and it remained in her possession until the present hearing.

On September 3, 1932 Katherine Fitts Arnold filed a petition for divorce against Frank B. Arnold and a final decree was entered in that suit granting the divorce on November 20, 1933. On September 22, 1937 the insured died leaving a will which was duly probated and Catherine B. Arnold, his widow, who is named executrix in the will duly qualified as such. Katherine Fitts Arnold and Norma Jean Fitts Arnold survived the deceased.

The policy in suit, in accordance with its terms, because of non-payment of an annual premium due June 3, 1933, automatically became a non-participating paidup policy in the amount of $3,096, and this sum with interest the interpleader, admitting liability, paid into the Registry of the Court.

The following privileges and conditions are contained in the policy:

"Beneficiary. If there is no written assignment of this policy in force and on file with the Society:

"(a) The Insured may from time to time during its continuance, change the beneficiary or beneficiaries by a written request, upon the Society's blank, filed at its Home Office, but such change shall take effect only upon the endorsement of the same hereon by the Society; or,

"(b) the Insured (or assignee if any) may, without the consent of the beneficiary, surrender, assign or pledge this policy and receive, exercise and enjoy every benefit, right and privilege conferred upon the Insured by the terms hereof.

"If the executors, administrators or assigns of the Insured be not expressly designated as beneficiary and if there be no other beneficiary living at the death of the Insured, payment will be made to the surviving children of the Insured; or should none survive, then to the Insured's executors, administrators or assigns.

"Assignments. No assignment of this policy shall be binding upon the Society unless in writing and until filed at its Home Office. The Society assumes no responsibility for the validity of any assignment."

Outside of the facts which were stipulated by the parties and which are all included in the special findings of facts appearing above, there was no other evidence introduced by either claimant. Consequently, there was no evidence that the insured, or anyone on his behalf, had made any attempt to secure the policy from the possession of the named beneficiary Katherine Fitts Arnold, Trustee, for the purpose of changing the beneficiary in compliance with its terms, before making the

purported assignment dated September 13, 1932.

The only question presented for decision in this case is whether or not the instrument of September 13, 1932 had any effect to change the beneficiary named in the insurance contract.

■ The policy having been negotiated and delivered in the State of New York, the rights of the parties will be governed by the laws of that State. Rosenthal v. New York Life Ins. Co., 304 U.S. 263, 264, 58 S.Ct. 874, 82 L.Ed. 1330; Ruhlin et al. v. New York Life Ins. Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; Mutual Life Ins. Co. of New York v. Cohen, 179 U.S. 262, 21 S.Ct. 106, 45 L.Ed. 181; Metropolitan Life Ins. Co. v. Cohen, 2 Cir., 96 F.2d 66.

It is the contention of the claimant-executrix that the instrument dated September 13, 1932, was an assignment within the provisions of the policy and had the effect of changing the beneficiary from Katherine Fitts Arnold, Trustee, to the insured and his estate. In support of this she relies upon the theory which may be found in such cases as Moskowitz v. Equitable Life Assurance Society of the United States, 252 App.Div. 75, 297 N.Y.S. 45, Wagner v. Thieriot, 203 App.Div. 757, 197 N.Y.S. 560, affirmed 236 N.Y. 588, 142 N.E. 295, and Atlantic Mutual Life Insurance Company v. Gannon, 179 Mass. 291, 60 N.E. 933, which decided an assignment of the policy constituted a change of beneficiary as much as if there had been a formal substitution of the second beneficiary for the first.

But in these cases no question was raised as to the validity of the assignment, while in the present case it is contended by the other claimant that the instrument dated September 13, 1932 was invalid as an assignment of the policy and of no effect, and I believe that she is correct in this contention.

■ An assignment is defined in Restatement, Contracts, Section 149, as follows: "An 'assignment' of a right is a manifestation *to another person* by the owner of the right indicating his intention to transfer, without further action or manifestation of intention, the right to such *other person* or to a third person." (Italics supplied.)

And in 1 Bouv. Law Dict., Rawle's Third Revision, p. 260, as, "A transfer or making over *to another* of the whole of any property, real or personal, in possession or in action, or of any estate or right therein." (Italics supplied.)

And an assignment of policy is defined in Ballentine's Law Dictionary, p. 116, as, "A formal transfer of a life insurance policy from the assured to *another person*". (Italics supplied.) Carpenter v. Knapp, 101 Iowa 712, 70 N.W. 764, 38 L.R.A. 128.

■ In view of these definitions, it does not seem to require any detailed discussion of the law relating to assignments for value or gratuitous assignments to justify the conclusion that an assignor cannot make an assignment to himself any more than one can contract with himself. It lacks the proper parties to make it effective in that there is an absence of an assignee, and consequently the attempted assignment set out above was nugatory as such. Frost v. Frost, 202 Mass. 100, 103, 88 N.E. 446, 27 L.R.A.,N.S., 184, 132 Am.St.Rep. 476.

■ There remains the point to be decided whether or not the instrument of September 13, 1932, though ineffectual as an assignment of the policy, effected a change of beneficiary within the principles of the cases which hold that where the insurer is not defending the suit as a party litigant, as is the case herein, and the sole question relates to the disposition of the fund among the claimants, equitable principles will govern and where there is a substantial compliance with the policy provisions as to change of beneficiary, the court sitting in equity will allow a beneficiary to be substituted. In some of the decided cases complete compliance was prevented by the wrongful conduct of the beneficiary in not surrendering the policy to the insured upon request in order to secure the endorsement of the insurer as required by the provisions of the policy. Lahey v. Lahey, 174 N.Y. 146, 66 N.E. 670, 61 L.R.A. 791, 95 Am.St.Rep. 554; Luhrs v. Luhrs, 123 N.Y. 367, 25 N.E. 388, 9 L.R.A. 534, 20 Am.St.Rep. 754; Greenfield v. Massachusetts Mut. Life Ins. Co., 253 App.Div. 51, 1 N.Y.S.2d 52; Moskowitz v. Equitable Life Assurance Society of the United States, supra; Chatham Phenix Nat. Bank & Trust Co. v. Travelers' Ins. Co., of Hartford, Conn., 232 App.Div. 598, 251 N.Y.S. 43; In re Lynch's Estate, 135 Misc. 436, 237 N.Y.S. 663; Donnelly v. Burnham et al., 86 App.Div. 226, 83 N.Y.S. 659.

The principles of law laid down in the cases just cited proceed on the theory that

**364**

equity considers as done that which ought to be done. However, relief in the direction sought is limited to those cases wherein the insured has done all that he can do substantially to comply with the provision of the policy before a change in beneficiary will be effectuated.

In the case of Fink v. Fink, 171 N.Y. 616, 624, 64 N.E. 506, the insured wrote a letter to the company to change the beneficiary but the letter did not reach the insurer before his death and the court held he really did nothing to effect the change of beneficiary as his attempt to reach the company was a failure.

In Thomas v. Thomas, 131 N.Y. 205, 30 N.E. 61, 27 Am.St.Rep. 582, the insured made no attempt to surrender the old certificate of insurance and secure a new one but he merely changed the original certificate himself and retained it in his possession until his death and the court held that no change of beneficiary was effected.

■ In the instant case the insured, beyond executing a worthless assignment, did absolutely nothing to effect a change of beneficiary within the provisions of the policy. He made no attempt, nor did anyone in his behalf, to secure the policy in order that a change of beneficiary might be endorsed upon it, and he made no written request to the company to change the beneficiary which was required by its provisions and with which he was familiar, having made a change of beneficiary in the policy on November 25, 1930. In no sense could he have been found within the applicable principles of the decided cases, to have done all that he could substantially to comply with the provisions of the policy relating to a change of beneficiary.

■ The Court stated in the case of Voros v. Barna, 158 Misc. 500, 285 N.Y.S. 926, 933:

"In order to complete the change, the insured was required to file written notice thereof with the insurance company and at the same time deliver the certificate to the insurer so that the change might be indorsed on the policy.

"Nothing like that was done in this case. * * * All that we have here is a mere intention to make the change, which is not enough."

This case is decisive of the instant case. At best all we have here is an unexecuted intention to make a change of beneficiary and that is not enough. Schoenholz v.

New York Life Ins. Co., 234 N.Y. 24, 29, 30, 136 N.E. 227; In re O'Neill's Estate, 143 Misc. 69, 255 N.Y.S. 767; Cf. Reid v. Durboraw, 4 Cir., 272 F. 99. Kochanek v. Prudential Life Ins. Co. of America, 262 Mass. 174, 177, 159 N.E. 520.

■ In accordance with the above conclusions that there was no change of beneficiary effected by the instrument of September 13, 1932, upon the death of the insured, Frank B. Arnold, the rights under the policy became vested in the named beneficiary and claimant, Katherine Fitts Arnold, Trustee for Norma Jean Fitts Arnold, a step-daughter of the deceased. Schoenholz v. New York Life Ins. Co., supra; Greenfield v. Massachusetts Mut. Life Ins. Co., supra; Fink v. Fink, supra; Strianese v. Metropolitan Life Ins. Co., 221 App.Div. 81, 223 N.Y.S. 16, 18; McNamara v. Knights of Columbus, 206 App. Div. 364, 201 N.Y.S. 235; Kochanek v. Prudential Life Ins. Co., of America, supra; Cf. Andrews v. Andrews, 8 Cir., 97 F.2d 485.

A decree may be entered accordingly.