Maximilian Moss, S.
This is an application by an insurance company, which insured decedent’s life, for leave to sue the temporary administrators herein. The policy was by its terms payable to the executors, administrators or assigns of the decedent. The purpose of instituting such suit is to interplead the administrators in an action presently pending against the company in the Supreme Court, Kings County. The plaintiff therein is the former wife of the decedent and the insurance company is one of three defendants; the other two defendants are a bank and “ The Estate of Joseph Harris, deceased”. The temporary administrators were not named as parties to such suit. The plaintiff has not only not petitioned this court to sue the temporary administrators (Homola v. Chase Nat. Bank of City of N. Y., 257 App. Div. 643) but on the contrary has indicated to the insurance company that she does not intend to serve the estate with process.
The decedent and his wife were divorced. The decree of divorce incorporated as a part thereof two separation agreements, dated November 17, 1955, between the parties. The agreements, among other things, provide for the payment of a specified sum of money to the wife in monthly payments, and monthly payments for the support, maintenance and education of three of the children of the marriage until their respective attainment of age 21. The said agreements provide, with respect to said insurance policy, that ‘ ‘ the proceeds of which policy is payable to the estate of the husband, shall remain in full force and effect without the right of the husband to change the name of the beneficiary until the sum of $40,000 is paid in full.” The policy was unchanged at decedent’s death.
The decedent died on November 23, 1956. In December of 1956 decedent’s former wife instituted the action referred to above. The action alleges that at the time of the execution of the separation agreements it was agreed that the proceeds of said policy would be used exclusively for the support of the *543 children of the marriage and in liquidation of any moneys due the wife in the event of the husband’s decease prior to full compliance with the agreements. There are still due sums of money to decedent’s said former wife, and for the support of three of decedent’s children. The latter reside with said former wife and at the time of the making of this application were minors.
Plaintiff in said action further alleges that the nominated executors, who are the three temporary administrators herein appointed by order of this court on March 15, 1957, intend to use the insurance proceeds to pay general creditors of the estate, to her prejudice; that the insurance company has offered to pay over the proceeds to the decedent’s estate and that therefore plaintiff will have no adequate remedy at law. Plaintiff demands a declaratory judgment of her rights and the impressment of a trust upon the proceeds. She does not however seek to recover the proceeds of the policy from the insurance company or any affirmative relief against it.
The decedent had assigned this policy and another to a bank as collateral security for loans, which however, have been repaid in full from the other policy, and the bank’s release of lien to this policy was filed with the insurance company on March 28, 1957. The loaning bank therefore has no claim to the proceeds of the policy. The temporary administrators demanded payment of the policy on March 29, 1957.
To sustain an interpleader, the alleged claim of a third person must have some reasonable basis on which to rest (Pouch v. Prudential Ins. Co., 204 N. Y. 281, 286; Williamsburgh Sav. Bank v. Bernstein, 277 N. Y. 11, 16). A prerequisite to the maintenance of interpleader is that the same thing, debt or duty, is claimed by more than one person. (Clark v. Childs, 234 App. Div. 561 and cases cited.) The plaintiff in the Supreme Court action makes no such claim. Moreover, the insurance company has not shown that it is ignorant or in doubt as to which party is entitled to the awards of the insurance or that it is in real danger or hazard by means of such doubt. (Boden v. Arnstein, 293 N. Y. 99, 103; Rosen v. Equitable Life Assur. Soc., 289 N. Y. 333, 337; Strauss v. Grande Maison de Blanc, 237 App. Div. 83, 85.) The petition will, therefore, have to be dismissed.
Notwithstanding the dismissal of the petition, this court is of the opinion that the insurance company would be fully protected if it made payment of the proceeds of the policy to the estate. Such payment can be made with the assurance, which may be incorporated in the order to be made herein, that upon *544 receipt of the proceeds of the policy by the estate representative, the same will be subject to any and all rights, claims and liens which may be made against it including but not limited to all of the contentions made by decedent’s former wife in the Supreme Court action. It is obvious that all questions pertaining to moneys received by representatives of an estate from an insurance company or otherwise are appropriate for determination by this court in the normal administration of an estate. The court, therefore, suggests, to avoid a multiplicity of actions and proceedings that the Supreme Court action be discontinued and that all alleged rights, claims and liens affecting the proceeds of said policy be asserted and made herein for determination by this court. Settle order on five days’ notice.