Charles J. Beckinella, J.
On or about January 16, 1957 the National Cash Register Company sold and delivered an adding machine to Largo Products, Inc. Pursuant to a contract of conditional sale, title to the machine was to remain in National until it was fully paid for. Largo never paid any of the monthly installments due. On March 1, 1957 Largo was in default and *595 National was entitled to repossess the machine. On May 6, 1957 the machine was stolen from Largo’s place of business. National states in the papers in support of this motion that no other thing was stolen. On or about May 31, 1957, Largo assigned for the benefit of creditors.
When the adding machine was stolen Largo carried an insurance policy protecting it against losses by burglary.
Now National moves for an order requiring Largo’s assignee to deliver to National a full assignment of all of the assignee’s interest in the burglary policy carried by Largo on the day the adding machine was stolen. Largo’s assignee resists the motion on the ground that to accord National the relief it seeks would be tantamount to a preference to National at the expense of other creditors.
The court recognizes that “ The title acquired by an assignee is ordinarily subject to all the infirmities in the title of his assignor.” (Matter of Brown Bomber Baking Co. [Fiske], 293 N. Y. 141, 144.) Even so, this motion must be denied. Nothing that has been called to this court’s attention indicates that the conditional vendee (Largo) was required to insure the adding machine against theft or any other eventuality for either its own, or the conditional vendor’s (National’s) protection. A copy of the bill of sale submitted with the moving papers and stating “ all agreements and warranties ” between the parties, makes no mention of insurance. Under such circumstances, the rule is “ that the holder of a mortgage or other lien on property has no right to the proceeds of insurance taken out thereon by the owner and made payable to himself, where such owner has not bound himself to carry insurance for the farmer’s benefit.” (9 A. L. R. 2d 301, being an excerpt from the annotation, ‘ ‘ Right of holder of mortgage or lien to proceeds of property insurance payable to owner not bound to carry insurance for farmer’s benefit.” 9 A. L. R. 2d 299-311.)
The basis of this holding is the principle that ‘ ‘ Insurance is a mere personal contract to pay a sum of money by way of indemnity to protect the interest of the insured ” (citing authority). (Brownell v. Board of Educ., 239 N. Y. 369, 374.) In Cromwell v. Brooklyn Fire Ins. Co. (44 N. Y. 42, 47) it is stated: ‘ ‘ A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter, to indemnify the former against the loss he may sustain; and in ease a mortgagor effects an insurance upon the mortgaged premises, the mortgagee can claim no benefit from it, unless he can base his claim upon some agreement. But where the assured has agreed to insure for the protection and indemnity of another *596 person having an interest in the subject of the insurance, then such third person has an equitable lien, in case of loss, upon the money due upon the policy to the extent of such interest. These are principles of law well settled.” (Citing authority.) While the court was discussing fire insurance, its holding is as refer-rable to any other type of insurance for the protection of property.
The following language from Rath v. Aerovias Interamericanas de Panama (205 Misc. 135, 140) succinctly states the law: “It is axiomatic that a policy of property damage insurance is a personal contract which does not attach to or run with the title to the property insured. Therefore a creditor, whether simple or secured has no right in the first instance of a loss to the proceeds of the insurance taken out by the owner and made payable to himself, in the absence of an agreement to insure for the benefit of the creditor. * * * [Citing authority.] Where an owner has agreed to insure for the benefit of his creditor procures insurance payable to himself alone, the creditor has an equitable lien on the proceeds ”. (Citing authority.) See, also, Appleman on Insurance Law and Practice (Vol. 5, p. 516) where it is stated: “ A conditional seller is held to have no interest in a policy effected by a buyer for his own benefit independent of agreement requiring the buyer to insure for the seller’s benefit. ’ ’
Motion denied. Settle order on notice.