JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Plaintiff,

v.

Marie LLOYD, Elizabeth F. Henry, and Elizabeth F. Henry, as Administratrix of the Goods, Chattels and Credits of Thomas B. Henry, Deceased, Defendants.

Civ. A. No. 8157.

United States District Court
N. D. New York.
Feb. 10, 1961.

Murphy, Aldrich, Guy, Broderick & Simon, Troy, N. Y., for plaintiff. J. Paul Troue, Troy, N. Y., of counsel.

Francis Collins, Amsterdam, N. Y., for defendant Marie Lloyd.

Chandler S. Knight, Amsterdam, N. Y., for defendant Elizabeth F. Henry.

JAMES T. FOLEY, District Judge.

This action is one of interpleader. 28 U.S.C.A. §§ 1335, 1397, 2361; F.R.Civ. Proc., rule 22, 28 U.S.C.A. It involves a dispute over the payment of the proceeds of a life insurance policy on the life of the decedent in the amount of $1,000. The dispute is between his sister, Marie Lloyd, and his surviving wife and administratrix of his estate, Elizabeth F. Henry. The plaintiff insurance company has followed the usual procedures in the interpleader action, obtained temporary injunction against other suits, and paid the $1,000 into the registry of this Court for determination as to the rights of the two claimants to the fund. To the interpleader complaint, the answers of the defendants contain interpleading and affirmative claims and complaints against the other.

All of the parties then moved by separate notices of motion for judgment on the pleadings in their favor, or in the alternative, for summary judgment. There is little difficulty with or objection to the motion of the plaintiff insurance company for judgment on the pleadings. There is objection to the amount of $250 requested for court costs and attorneys' fees to be paid by the Clerk of the Court to the plaintiff out of the fund or deposit. At first impression this amount might seem unconscionable because of the amount of the money in the fund, but the attitude of the defendants has caused much work for the attorneys for the plaintiff, and the plaintiff is entitled to a reasonable award in such respect. Edner v. Massachusetts Mutual Life Ins. Co., D.C., 59 F.Supp. 688; Globe Indemnity Co. v. Puget Sound Co. Inc., 2 Cir., 154 F.2d 249, 250; Narragansett Bay Gardens, Inc. v. Grant Construction Co., Inc., D.C. 176 F.Supp. 451, 454. The plaintiff is awarded as a reasonable attorney's fee the sum of $150, plus the costs of the plaintiff to be taxed in the usual manner by the Clerk. 28 U.S.C.A. §§ 1920, 1924. This total amount when settled shall be paid by the Clerk to the plaintiff from the fund. 28 U.S.C.A. § 2042. The motion by the plaintiff for judgment on the pleadings and the relief requested therein is granted in all respects except for this reduction.

The main dispute between the defendants contains, in my judgment, a partial issue that needs trial and further briefing before final determination can be made. It is clear that the designation of the sister as beneficiary of the proceeds was made on a proper form of the company to effectuate such change and properly acknowledged as received by one of its officers. The fact that the policy itself does not have such change endorsed upon it does not seem under the facts present to foreclose the right of the sister to the remainder of the fund. The law seems strong and persuasive that such endorsement on the policy is immaterial, provided for the benefit of the insurance company and may be waived by the institution of the interpleader action. Matter of Chatham Phenix National Bank & Trust Co., 232 App.Div. 598, 251 N.Y.S. 43; Greenfield v. Massachusetts Mutual Life Insurance Co., 253 App.Div. 51, 1 N.Y.S.2d 52; Gould v. Travelers Insurance Co., 266 App.Div. 545, 42 N.Y.S. 2d 817; New York Life Insurance Co. v. Cooper, D.C., 76 F.Supp. 976; Prudential Insurance Co. of America v. Glasgow, 2 Cir., 208 F.2d 908, 911. The case mainly relied upon by the defendant Elizabeth F. Henry, Fink v. Fink, 171

N.Y. 616, 64 N.E. 506, is easily distinguishable from the situation here, and it was so distinguished in the Chatham case, supra, 232 App.Div. at page 600, 251 N.Y.S. at page 45.

 However, there has been submitted by the attorney for Elizabeth F. Henry an affidavit in support of the contention made in her answer that at least she is entitled to an equitable lien on the proceeds of the policy because she paid the funeral bill of $839.50 out of her own funds to the undertaker. It is claimed that this was done because the policy in her possession after the death of her husband designated the Estate as beneficiary, without any knowledge or notice by the policy that change had been made by the decedent to designate the sister as beneficiary of the proceeds. The affidavit of the attorney claims upon information and belief that the change was made to designate the sister upon her promise and agreement with the decedent that she would pay the funeral bill. The source of the information and belief is statements claimed to have been made directly to the attorney by Elizabeth F. Henry, and a letter written to the undertaker by the decedent before his death. This affidavit is not contradicted by the defendant, Marie Lloyd, at least in the pending motion and seems sufficient to create a question of fact that would not allow the summary disposition sought. Rule 56(e), F.R.Civ.Proc.; Colby v. Klune, 2 Cir., 178 F.2d 872. Interpleader is equitable and the aim sought is complete determination of the adverse claims. American-Hawaiian Steamship Co. (Del.) v. Bowring & Co., D.C., 150 F. Supp. 449; Turman Oil Co. v. Lathrop, D.C., 8 F.Supp. 870, 873. Equitable lien and interest or impress of trust are difficult of exact definition and application, but may have support in the law of New York dependent upon the facts developed. Matter of Largo Prod. Inc., 8 Misc.2d 594, 596, 167 N.Y.S.2d 846; Matter of Estate of Harris, 8 Misc.2d 541, 544, 167 N.Y.S.2d 106; Katzman v. Aetna Life Insurance Co., 309 N.Y. 197, 128 N.E.2d 307.

It is saddening to see disputes of this kind, although often courts of law by decision must attempt to relieve emotions and bitterness that should not be present. A great country lawyer, Abraham Lincoln, had this advice for his fellow-lawyers, and it is worthwhile to remember:

"Discourage litigation. Persuade your neighbors to compromise whenever you can. Point out to them how the nominal winner is often the real loser in fees, expenses and waste of time. As a peacemaker the lawyer has a superior opportunity to be a good man."

The motion of the plaintiff is granted as indicated herein. The motions of the defendants for judgment on the pleadings, or in the alternative for summary judgment, are denied, and it is

So ordered.