William G. Easton, J.
This is a motion by the defendant, the Farmers Mutual Insurance Company of Orleans and Niagara *523 Counties (hereinafter referred to as ‘‘ Farmers Mutual”) for judgment on the pleadings on the complaint, answer and bill of particulars in this action dismissing the third cause of action in said complaint on the ground that it states facts insufficient to constitute a cause of action. The third cause of action sought to be dismissed alleges in substance that the defendants Wilbtir and Mae Downey executed and delivered a chattel mortgage to Bragg Brothers covering certain farm animals and farm equipment, which mortgage was assigned to the plaintiff and was recorded in the Town Clerk’s office of the Town of Yates, New York, on March 22, 1957. That a policy of fire insurance was subsequently renewed by the “ Farmers Mutual ” to the Downeys covering the 10 cows which were subject to the chattel mortgage.
On February 26, 1960 the cows were destroyed by fire within the meaning of the terms of said fire insurance policy and thereafter without notice to the plaintiff, the “ Farmers Mutual” paid the defendants Downey for the property destroyed by fire including the 10 cows. It appears without contradiction that the defendant “ Farmers Mutual ” had never been informed of the chattel mortgage and did not know of its existence. No mortgagee indorsement was attached to the fire insurance policy or ever requested. It does not appear in any of the papers submitted on this motion that the defendants Downey ever agreed with the chattel mortgagee to obtain or carry fire insurance for its protection.
The precise question involved upon this motion is whether the filing of a chattel mortgage, prior to the issuing of a fire insurance policy to the chattel mortgagor, gives sufficient notice to the fire insurance company so that it must honor the chattel mortgage in paying a fire loss. This court is of the opinion that it is not sufficient notice.
An insurance policy is a contract. The insurance company may not pay a loss to anyone except the owner (the contracting party) or his designees. If a mortgagee clause is attached to the policy (and it was not here) it is a designation by the owner and creates a new and distinct contract. If no mortgagee clause is attached, the insurance company must pay the owner, regardless of mortgages or other liens of record. As was said in Cromwell v. Brooklyn Fire Ins. Co. (44 N. Y. 42, 47 [1870]) and repeated in Matter of Largo Prods. v. Cohen (8 Misc 2d 594, 595 [1957]): “ £ A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter, to indemnify the former against the loss he may sustain; and in case a mortgagor effects an insurance upon the mortgaged premises, the mortgagee can claim no benefit from it, *524 unless he can base his claim upon some agreement.’ ” The court said in the case of Rath v. Aerovias Interamericanas De Panama (205 Misc. 135, 140): “ It is axiomatic that a policy of property damage insurance is a personal contract which does not attach to or run with the title to the property insured. Therefore a creditor, whether simple or secured has no right in the first instance of a loss to the proceeds of the insurance taken out by the owner and made payable to himself, in the absence of an agreement to insure for the benefit of the creditor ”.
In the case of the City of Utica v. Park-Mill Corp. (41 N. Y. S. 2d 248 [1943]) the City of Utica had filed a tax lien and had bid in the real estate for delinquent taxes. It was held that the city’s lien against the realty did not attach to the fire insurance proceeds which were paid to the resident taxpayer under a fire insurance policy as result of a fire loss.
The entire question of the right of a mortgagee or a lienee to proceeds of property insurance payable to the owner is covered in an extensive note (9 A. L. R. 2d 299 [1949]). See, also, the case of First Nat. Bank v. Home Ins. Co. (261 App. Div. 996 [1941]) where the holder of a second mortgage on real estate which had been recorded but not reported to the fire insurance company was denied any right to the proceeds paid by the fire insurance company on a fire loss. The motion is granted.