**IMPERIAL SUGAR COMPANY, Plaintiff,**
v.
**SOCIETE GENERALE et al., Defendants.**

United States District Court
S. D. New York.

Sept. 8, 1964.

Kirlin Campbell & Keating, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Societe.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant Chase.

Valicenti, Leighton, Reid & Stock, New York City, for defendant Olavarria.

White & Case, New York City, for defendant Hazard.

TYLER, District Judge.

This is an action for interpleader. Process has been served upon all defendants, which have appeared but not answered.

The "stake" or subject of this action is the sum of $924,700.00 which heretofore has been paid into the register of this court by the plaintiff. This sum represents the proceeds of a draft dated July 17, 1964 and maturing on August 3, 1964, drawn by defendant Olavarria and Co., Inc. ("Olavarria") to its own order upon plaintiff and accepted by plaintiff on July 22, 1964. Plaintiff had purchased a large quantity of sugar from Olavarria, and it was in connection with this transaction that the draft in question was drawn.

On or about August 3, 1964 defendants A. Hazard & Co. ("Hazard") and the Chase Manhattan Bank ("the bank") notified plaintiff that the sugar in question was the subject of contracts of sale to Olavarria which they were rescinding. Further, these two defendants demanded return of the sugar or the proceeds of the sale—i. e. the proceeds of the draft referred to hereinabove. On that same date plaintiff refused payment to Societe Generale, to whom Olavarria had endorsed the draft sometime after the drawee's acceptance.

It is conceded that the draft itself is now in the possession of Societe Generale or its agents. Within the past weeks, plaintiff or its attorneys have demanded of the attorneys for Societe Generale that the latter deliver the draft into the custody of this court. Societe Generale and its lawyers have declined to do this; further, they have refused to furnish a

letter to plaintiff stating that the draft will not be transferred or assigned or hypothecated in any manner to any other person or firm.

Essentially, it is the position of plaintiff that this conduct by Societe Generale and its lawyers give rise to anxiety that the draft may be assigned or hypothecated to some person, firm or corporation not a party to this law suit and not amenable to the jurisdiction of this court even under the nationwide scope of an interpleader action. Plaintiff agrees that, at least under the law of New York, such assignee or transferee after dishonor would not be a holder in due course of the draft but points out that an assignee in all probability would acquire whatever rights Societe Generale has therein. Further, says plaintiff, defendants, adverse claimants to all or part of the proceeds of the draft, are engaged in worldwide commercial activities, or at least in activities outside of the jurisdiction of this court, as reflected in the international sales and financing transactions underlying these claims. Plaintiff, therefore, claims that in the absence of restraints upon Societe Generale by this court, it may well be required to defend itself in a foreign court; such an eventuality in practical effect, then, would tend to dilute and frustrate the clear policy underlying the interpleader jurisdiction of this court.

Counsel for Societe Generale, however, argue that plaintiff can point to no facts definitely establishing that there is about to be a transfer by Societe of the draft, and that, further, if there were such facts, there is still no showing that its lawful transfer or hypothecation of a piece of paper and claim concededly properly acquired would cause definite and irreparable damage to the plaintiff.

It is not totally illogical to argue, as does Societe Generale, that the jurisdictional stake for this action is the sum of money already paid into court and that the interpleader statutes and rules do not directly and specifically authorize an interpleader court to assume custody or restrict usage of underlying commercial or legal documents directly or indirectly relating to the dispute. 28 U.S.C. §§ 1335 and 2361; Rule 22, F.R.Civ.P. Indeed, it is also theoretically possible, at least, that an assignment or hypothecation of the draft would not materially affect the jurisdiction of this court nor prevent it from rendering full relief so far as the proceeds or sum of money which, strictly speaking, is the underpinning of this action.

On the other side of the coin, however, it cannot be gainsaid that it is desirable in cases of this kind to still all controversy and resolve all disputes as to adverse claims rising directly or indirectly out of the property in question. See, generally, John Hancock Mutual Life Ins. Co. v. Lloyd, S.D.N.Y., 1961, 194 F.Supp. 816.

Unfortunately, particularly since no answers by the claiming defendants have been filed, it is presently difficult, if not impossible, to comprehend the ramifications of this dispute or, indeed, to reasonably surmise the possibilities of further controversies to grow out of any future assignments of the draft in question.

Moreover, Societe Generale—no doubt for good reasons of its own—has been singularly uninformative as to its intentions with regard to the draft and its position in this law suit. As already suggested, it seems clear that because of its dishonor by plaintiff, the draft is not negotiable—i. e. any putative assignee cannot be a holder in due course. Nonetheless, as plaintiff argues, Societe Generale could assign whatever rights it has to a third party.

On this state of the record, I am not disposed to compel the Societe Generale at this time to physically deliver the draft into the custody of the clerk of the court, nor am I inclined to enter a blanket injunction *pendente lite* against any and all possible transfers or hypothecations of the draft. Nevertheless, I do determine that a limited temporary injunction should issue against assignment or transfer of the draft by Societe until such time as that party is able to make a

suitable factual and legal showing to the court that a commercial or business opportunity for such transfer is imminent and appropriate.

Settle an order in accordance with the foregoing.