Vincent F. Naro, J.
Plaintiff in the within action is the beneficiary of a group life insurance policy issued by the Trustees of the Mason Tenders District Council Trust Funds (hereinafter referred to as Trustees), on the life of Charles Wesley Bailey, who was the father of the plaintiff in the within action. It is conceded that the insured was a member of the Mason Tenders Union, Local 59 and that he retired in 1959. Under the terms of a pension plan maintained by the Trustees, the plaintiff’s father was awarded a pension of $32 per month.
Sometime between the latter part of 1972 and the early part of 1973, the Insurance Department of the State of New York conducted a regular audit of the pension fund records and found that there were mistakes in the amount paid to certain pensioners, by the Trustees. It was eventually determined by the administrator of the trust funds, Mrs. Hinkley, after a review of the records of Charles Wesley Bailey that an overpayment of $3 per month had occurred in his case. The Trustees claimed that he was not a member of Local 59, continuously for 15 years prior to 1955, the date the pension plan went into effect. At the trial, the plaintiff disputed this contention and attempted to establish continuous union membership.
On July 6, 1973, the fund administrator, Mrs. Hinkley, wrote to the pensioner and informed him that the Trustees had decided that the overpayment made to him in previous years amounted to $495 and that the said sum will be deducted from any death benefits that will be payable to the beneficiary of his life insurance policy. During the trial, Mrs. Hinkley testified that in order to cause the least hardship to the pensioner, it was decided by the Trustees that they would not ask for the return of the overpayment but would reduce the death benefit by the amount of the overpayment.
Charles Wesley Bailey died on the 25th day of September, 1973. Thereafter, the Trustees offered plaintiff $1,505 which was the balance of the proceeds of the life insurance policy, after deduct *585 ing the alleged overpayment of $495, from the sum of $2,000, which was the face amount of the policy.
The issue in this trial is whether the Trustees had a right to reduce the proceeds of the life insurance policy payable to a beneficiary, by offsetting the alleged overpayment of pension benefits to the pensioner during his lifetime.
The defendant, in the memorandum submitted to the court argues that the decision made by the Trustees is subject to review only upon a showing that they acted arbitrarily or capriciously. It cites a number of cases in support of its contention. However, the cases cited therein refer to disputes between a member and the trustees. In the instant case, the dispute is between the beneficiary of the insurance policy and the Trustees of the pension fund.
Assuming that the Trustees acted within their rights to determine that there had been an overpayment of pension benefits to the pensioner, the court finds that the Trustees were without authority to determine that the proceeds of the insurance policy be applied to such overpayment. No matter how well intentioned the motive of the Trustees was, the proceeds of the policy vest in the designated beneficiary immediately upon the death of the insured. It is a fundamental principle of the law of insurance that the proceeds of a life insurance policy vest in the designated beneficiary and become part of his property. (31 N. Y. Jur., Insurance, § 1470; Greenfield v. Massachusetts Mut. Life. Ins. Co., 253 App. Div. 51.)
Subdivision 1 of section 166 of the Insurance Law provides that the third-person beneficiary of a policy .shall be entitled to the proceeds thereof as against creditors, personal representatives, trustees in bankruptcy and receivers in State and Federal courts of the person effecting the insurance; subdivision 6 of the same section provides that the provisions of this section applicable to any insurance policy or annuity contracts shall likewise apply to group insurance policies. It is a violation of the provisions of subdivisions 1 and 6 of section 166 of the Insurance Law to attempt to invade the proceeds of the policy which become the property of the beneficiary upon the death of the insured.
The case of Cohen v. Travelers Ins. Co. (275 App. Div. 887), is analogous to the case at bar. In that case the plaintiff sued the defendant for disability payments due under the terms of his policy with the defendant. The defendant interposed a counterclaim for benefits mistakenly paid and for premiums mistakenly waived. The court granted judgment to the defendant *586 on its counterclaim and included a provision in said judgment that if the amount due the defendant is not paid within a certain period of time, the policy was to lapse. On appeal, the court struck out the paragraph in the judgment which directed that the policy shall lapse, on the ground that the beneficiaries are entitled to the proceeds of the policy as against creditors of the insured.
The court finds from the credible evidence and the testimony adduced at the trial that, upon the death of Charles Wesley Bailey, plaintiff’s father, the plaintiff was entitled to the entire proceeds of the policy. The court further finds that if the defendant were a creditor of the insured, as alleged by it, it should have proceeded against the pensioner or against his estate, upon his death, for any overpayment claimed to have been made to the member during his lifetime.
Judgment for the plaintiff in the sum of $2,000 plus interest and costs as demanded in the complaint.